OPINION
Defendant-Appellant, Crispin D. Gardner, appeals a judgment of the Court of Common Pleas of Union County, reimposing an eighteen month prison term upon a violation of the conditions of early judicial release. We affirm the trial court's decision.
The pertinent procedural facts are as follows:
 On February 17, 1998, the Union County Grand Jury indicted Appellant on one count of burglary, a violation of R.C. 2911.12(A)(4) and a felony of the fourth degree. Appellant initially pled not guilty and the matter was set for trial. However, on April 2, 1998, Appellant withdrew his prior plea and pled guilty to the charge contained in the indictment. Sentencing was delayed to allow for a presentence investigation.
 On May 22, 1998, the trial court issued a judgment entry, ordering Appellant to serve a "suspended" 18 month prison sentence and three years of community control. Five months later, on October 22, 1998, the court conducted a hearing on an alleged violation of the conditions of community control. At that time, the court found that Appellant had violated the conditions of community control and, as a result, "reimposed" the previously "suspended" 18 month prison term.
 On November 24, 1998, Appellant filed a motion for early judicial release, requesting the court to suspend the remainder of his prison sentence. The trial court granted the request on December 17, 1998, and Appellant was released from prison, subject to certain community control sanctions.
Thereafter, the State of Ohio alleged that Appellant had violated the conditions of early judicial release. The court conducted a hearing on June 7, 1999, wherein it concluded that Appellant did violate the community control sanctions imposed by the order of early judicial release. As a result, the court reinstated the remainder of the 18 month prison sentence. The judgment entry reflecting the court's decision was issued on the same day as the hearing. It is from this judgment that Appellant has attempted to appeal, asserting two assignments of error for our review:
Assignment of Error I
 The trial court erred, as a matter of law, when it imposed the maximum sentence on the single count of burglary without first finding that it was necessary to impose the maximum sentence as required by Ohio Revised Code Section 2929.14.
 Assignment of Error II
 The trial court erred when it found it necessary to impose a prison term for a fourth degree felony, when that decision was not supported by the facts or evidence and it was based upon the court's misinterpretation of Ohio Revised Code Section 2929.13.
Although Appellant presents seemingly compelling arguments, we refuse to reach the merits of these particular assertions since they fail to allege any error with respect to the trial court's latest decision to revoke Appellant's judicial release. Rather, Appellant essentially assigns error to a previous final order in which the trial court ordered Appellant to serve an 18 month prison term.
Despite the fact that the May 22, 1998 judgment entry of sentencing states that Appellant was to serve a "suspended" 18 month prison term, this court has held that "there is no provision in the sentencing statute which permits a court to suspend a prison term or make community control a condition of a suspended prison term." State v. Riley (Nov. 12, 1998), Union App. No. 14-98-38, at **3, unreported. Thus, merely because the trial court made reference to an 18 month prison term in its May 22nd entry, we conclude that this sentence was not valid under Ohio law at that time. Instead, we must view the 18 month sentence referred to by the trial court in its May 22, 1998 entry to have been a reservation of the more severe sanction that the court could impose for a violation of the community control sanctions pursuant to R.C. 2929.15(B). Consequently, we must look at when the actual prison sentence was imposed in order to decide when Appellant's time to appeal that sentence began to run.
Even though trial courts cannot impose a community control sanction and a prison sentence simultaneously, they may impose a prison term upon an offender who was initially sentenced to and later violated the terms of community control. Riley, supra; R.C. 2929.15(B).
R.C. 2929.15(B) provides that:
 If the conditions of a community control sanction * * * [are] violated, the sentencing court may impose a longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section, may impose a more restrictive sanction under section 2929.16, 2929.17, or 2929.18 of the Revised Code, or may impose a prison term on the offender pursuant to section 2929.14 of the Revised Code. * * * The prison term, if any, imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided the offender at the sentencing hearing pursuant to division (B)(3) of section 2929.19 of the Revised Code. * * * [Emphasis added.]
The record in this case demonstrates that the trial court found that Appellant had violated a condition of community control in October 1998 and, as a result, the court attempted to reimpose the 18 month prison term which was referenced in the May 1998 judgment entry. Although the October 22, 1998 judgment entry states that the prison sentence was "reimposed", the preceding discussion makes it clear that the prison term was not lawfully imposed until this point. Nevertheless, no appeal was taken from this final order.
Instead, Appellant now attempts to appeal from the trial court's June 1999 decision to revoke judicial release and reinstate the remainder of the 18 month prison term, asserting, among other things, that the length of the sentence is invalid under Ohio law.
R.C. 2929.20(I) states, in relevant part:
 If a court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction * * * and shall reserve the right to reimpose the sentence that it reduced pursuant to the judicial release if the offender violates the sanction. If the court reimposes the reduced sentence pursuant to this reserved right, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation.
Contrary to the general felony sentencing scheme, which does not permit a trial court to place an offender on community control while, at the same time, imposing a suspended prison term, the above statute does allow a court to, in effect, suspend a prison sentence in the event that a motion for early judicial release has been granted. Additionally, if the conditions of that release are violated, the statute clearly provides that the trial court may "reimpose" the suspended term without making the findings that are required to issue an original felony sentence. See, R.C. 2929.14; R.C. 2929.19; State v. Edmonson (1999), 86 Ohio St.3d 324. Therefore, although Appellant presently takes issue with the validity of the 18 month term, the appropriate time to do so was the point at which the court actually issued the prison sentence.
App.R. 4(A) generally provides that an appellant has thirty days from the date of the entry of judgment to perfect a timely appeal. We have already determined that the original judgment entry of Appellant's prison sentence was rendered on October 22, 1998. The record is clear that Appellant failed to file a notice of appeal within thirty days from the date of that entry. Therefore, since Appellant could have raised these issues previously, we decline to discuss the merits of the issues presented herein. As a result, Appellant's assignments of error are overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
 BRYANT, P.J., and HADLEY, J., concur.