OPINION
In his single assignment of error, defendant-appellant Larry Edwards contends that the maximum prison term imposed by the trial court for conviction of a fourth-degree felony is contrary to law as it is not supported by the record. We agree.
The trial court found Edwards guilty of possession of cocaine, in violation of R.C. 2925.11(A), pursuant to his no-contest plea. Because Edwards was to be sentenced later in a related case, assigned to a visiting judge, the trial court deferred sentence for the possession offense until after Edwards had been sentenced in that case. On the same morning that Edwards received a twenty-two-year prison term in the related case, he subsequently came before the trial court for sentence. The trial court did not order a presentence investigation, and although one was ordered in the related case, the record reflects that the trial court did not consider it before sentencing Edwards to the maximum eighteen-month prison term.
A trial court sentencing an offender to a maximum prison term must specify its reasons on the record. R.C.2929.19(B)(2) and 2953.08(G)(1)(b). This requirement is prompted by the supreme court's conclusion that "the General Assembly approached felony sentencing by mandating a record reflecting that judges considered certain factors and presumptions to confirm that the court's decision-making process included all of the statutorily required sentencing considerations." State v.Edmondson (1999), 86 Ohio St.3d 324, 327, 715 N.E.2d 131, 134. In line with the language of R.C. 2953.08(A)(2), the supreme court has determined that the statutory purpose is fulfilled when the trial court "notes that it has considered the statutory criteria and specifies which of the given bases warrants its decision to vary from the preferred minimum sentence." Id. at 326,715 N.E.2d at 134.
Edwards's appeal of the maximum prison term for a fourth-degree felony as of right has been preserved. The trial court did not specify on the record or in its sentencing worksheet that it found one of the eight sentencing factors required by R.C. 2929.13(B)(1). This appeal is, therefore, distinguishable from State v. McNeel
(May 22, 1998), Hamilton App. No. C-960980, unreported, in which we held that there is no appeal as of right from a sentence for a fourth- or fifth-degree felony, as provided by R.C. 2953.08(A)(2), when the trial court makes the appropriate findings under R.C. 2953.08
(B). Cf. State v. Beasley (Sept. 17, 1999), Hamilton App. No. C-981002, unreported. Accordingly, Edwards is entitled to appeal as of right and to argue that the sentence imposed is contrary to law. R.C.2953.08(A).
Edwards does not challenge the imposition of a prison term — only that the trial court imposed the maximum term of eighteen months for a fourth-degree felony. Except for the court's knowledge of the twenty-two-year sentence in the related case, the transcript of the trial court's colloquy with Edwards and his counsel and the sentencing worksheet are silent as to the factors under R.C. 2929.14(C) that would allow the maximum prison term. The trial court did note on the sentencing worksheet that recidivism was likely, under the R.C. 2929.12(C) factors, based on prior delinquency or convictions in addition to the sentence in the related case, and on Edwards's unacknowledged substance-abuse pattern. But nowhere in the transcript of the sentencing hearing are these findings supported by any evidentiary material.
Finally, other than the twenty-two-year prison term in the related case, we are unable to find in the record any evidence to support the conclusion that Edwards is, as the trial court found, a likely recidivist. That separate term standing alone was insufficient to support the conclusion that Edwards "poses the greatest likelihood of recidivism," the applicable statutory predicate for a maximum prison term in this case.
Therefore, we vacate the sentence imposed, remand this cause to the trial court, and order the trial court to resentence Edwards because we "clearly and convincingly find" that "the record does not support" the maximum sentence imposed by the trial court. R.C. 2953.08(G)(1)(a). Although the record does not support Edwards's sentence, the state is not subsequently precluded on remand from offering evidentiary material that may support a maximum term should the trial court find and specify those factors required by R.C. 2929.14(C).
Sentence vacated and cause remanded.
 Sundermann and Shannon, JJ., concur.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.