OPINION
Defendant O'Dell Newport appeals the July 22, 1999 judgment and order of the Auglaize County Court of Common Pleas. On April 1, 1999 and as the result of plea negotiations, defendant entered a plea of guilty to three felonies of the third degree: two counts of sexual battery in violation of R.C. 2907.03(A)(5) and one count of gross sexual imposition in violation of R.C.2907.05(A)(4). On July 22, 1999, the trial court adjudged the defendant a sexual predator and sentenced him to serve five years with the Ohio Department of Rehabilitation and Correction for each count of sexual battery and two years for the sole count of gross imposition. The trial court further ordered that while the two five-year terms were to be served concurrently, the two-year term was to be served consecutive to both five-year terms, for a total sentence of seven years in prison.
On August 23, 1999, defendant filed this appeal, and now asserts three assignments of error with the trial court's judgment.
 The trial court committed an error of law by imposing a sentence contrary to R.C. 2929.11 through R.C. 2929.18. Ohio Revised Code Chapter 2950 et seq., as applied to defendant-appellant, in unconstitutional in that it violates defendant's protections of Section 1, Article I and Section 16, Article I of the Ohio Constitution as decided in State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191.
 The trial court determination that defendant was a sexual predator, as defined in Ohio Revised Code [2950.01(E)], is contrary to the manifest weight of the evidence.
We will first address defendant's second assigned error. Defendant asserts that R.C. Chapter 2950, the sexual offender classification statute, violates Article I, Sections 1 and 16 of the Ohio State Constitution. However, we have repeatedly held that Chapter 2950 survives both constitutional challenges. See,e.g., State v. Marker (Sept. 1, 1999), Seneca App. No. 13-99-05, unreported, 1999 WL 692 410; State v. James (December 8, 1999), Hardin App. No. 6-99-5, unreported, 1999 WL 1114497. Accordingly, we overrule defendant's second assignment of error.
Defendant's third assignment of error asserts that the trial court's judgment finding him to be a sexual predator as defined in R.C. 2950.01(E) was against the manifest weight of the evidence. R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented crimes." In making the determination whether a defendant is a sexual predator courts are required to follow the procedure established in R.C. 2950.09, which reads, in relevant part:
 In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2). Finally, pursuant to R.C. 2950.09(B)(3) trial courts are to determine that a defendant is a sexual predator only when that finding is supported "by clear and convincing evidence." Clear and convincing evidence is the measure or degree of proof that is more than a mere preponderance of the evidence, but less than the extent of certainty that is required for proof beyond a reasonable doubt. See Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. It is evidence which "produce[s] in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." State v.Schiebel (1990), 55 Ohio St.3d 71, 74, quoting Cross, 161 Ohio St. 469
at paragraph three of the syllabus. If a trial court's determination is supported by evidence legally sufficient to meet the clear and convincing standard of proof, it will be affirmed by a reviewing court. See, e.g., State v. Schiebel,55 Ohio St.3d at 74. We also note that in State v. Cook (1998), 83 Ohio St.3d 404,426, the Supreme Court determined that it was not plain error for a trial court to rely on an uncorroborated and nontestimonial hearsay allegation for which no charges were brought and no conviction was obtained when classifying a sexual offender. Seeid., cited in State v. Anderson (November 11, 1999), Auglaize App. No. 2-99-15, unreported at *7-8, 1999 WL 1009095.
Applying these principles to the instant case, we conclude that the trial court's determination that defendant is a sexual predator is supported by sufficient evidence to meet the clear and convincing standard. Defendant pled guilty to three separate offenses against the same minor victim, his step-granddaughter. The specific incidents to which defendant pled guilty occurred in 1990, 1996 and 1997. Evidence contained in the presentence investigation report indicates that the State's case against the defendant included several damaging admissions to the police by the defendant, a taped phone conversation between the defendant and the victim during which the defendant admitted his wrongdoing, and a lengthy victim impact statement where the victim described the serious effects defendant's continued abuse has had on her life.
Furthermore, a supplement to the report indicated that in 1981 defendant had been terminated from his job as a custodian at a junior high school because of several allegations of "inappropriate conduct" with female students, including allegations that he grabbed the anatomy of at least two young women. The defendant did not mention these incidents during his presentence investigation interview, but rather indicated that he had "retired" from the custodial position. At defendant's sexual predator hearing, the trial court asked defendant why he had been fired from his custodial position, and defendant responded that "they said I had been feeling the girls but that's all lies." The trial court apparently did not believe the defendant's denials, and also found that "the Defendant was not truthful with the Probation Officer concerning the circumstances of leaving his employment."
Finally, we note that although on appeal defendant has objected to the trial court's consideration of the presentence investigation materials, defendant's trial counsel did not object to the sealed admission of those materials. Applying the plain error standard for admission of sexual predator evidence mandated by State v. Cook, 83 Ohio St.3d at 426, we cannot say that the trial court's consideration of the presentence investigation materials was in error.
Based on the foregoing, we conclude that the evidence before the trial court, if believed, was sufficient to support the trial court's conclusion that defendant "pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented crimes" by clear and convincing evidence. R.C. 2950.01(E); see also State v. Anderson, unreported at *5-9. Accordingly, defendant's third assignment of error is overruled.
Defendant's first assignment of error argues that the trial court erred by imposing on him maximum and consecutive sentences. Defendant argues both that the trial court failed to comply with the legislature's requirements as enumerated in R.C. 2929.11 etseq.; see, e.g., State v. Martin (June 23, 1999), Crawford App. No. 3-98-31, unreported at *10, 1999 WL 455320, and also that the record is insufficient to support imposition of maximum and consecutive sentences. See R.C. 2953.08(G)(1)(a); cf. State v.Akerman (November 10, 1999), Hancock App. Nos. 5-99-32 5-99-33, unreported, at *7-8, 1999 WL 1022127.
As to defendant's first argument, we have reviewed the transcript of defendant's sentencing hearing and conclude that the trial court has satisfied the requirements of the felony sentencing statutes. See generally R.C. 2929.19; State v. Martin, unreported at *10-11. Specifically, the trial court found that "the victim suffered serious psychological harm as a result of the offense over a long period of time," see R.C. 2929.12(B)(2), that the defendant's "relationship with the victim facilitated the offense," see R.C. 2929.12(B)(6), and that the defendant "shows no remorse for his actions, blaming the victim and lying about what happened," see R.C. 2929.12(D)(5). The trial court also noted that mitigating factors enumerated under R.C. 2929.12(C) and R.C.2929.12(E) did not apply to the defendant.
In relation to its imposition of a maximum sentence, the court found that a minimum sentence would "demean the seriousness of the offense," see R.C. 2929.14(B), see also State v. Edmonson
(1999), 86 Ohio St.3d 324, syllabus, and that defendant had committed the "worst form of the offense." See R.C. 2929.14(C). The trial court also concluded that defendant "poses the greatest likelihood of committing future crimes * * *." See, e.g., R.C.2929.14(C). We therefore conclude that the trial court considered the factors and made the findings necessary to justify imposition of a maximum sentence. See, e.g., State v. Martin, unreported at *4-5.
Similarly, when considering the imposition of consecutive sentences, the trial court found that consecutive sentences were "necessary to protect the public from future crime and to punish the offender * * *." See R.C. 2929.14(E)(4). The trial court also found that "consecutive sentences are not disproportionate to the seriousness" of defendant's conduct, see R.C. 2929.14(E)(4), and that "the harm caused by the multiple offenses was so great or unusual, stretching over such a long span of time of the years of abuse * * * that no single prison term for any of the offenses committed as a part of this single course of conduct adequately reflects the seriousness of the offender's conduct." See R.C.2929.14(E)(4)(b). Based on the foregoing, we conclude that the trial court also satisfied the statutory prerequisites necessary to justify sentencing the defendant to consecutive terms. See,e.g., State v. Martin, unreported at* 4-5.
Finally, defendant argues that the trial court's sentencing findings are clearly and convincingly without support in the record. See R.C. 2953.08(G)(1); see also State v. Martin, unreported at *5-8; cf. State v. Akerman, unreported at *7-8. However, defendant's brief fails to identify any facts in the record that demonstrate that the trial court's sentencing decisions lack support. Moreover, our own review of the facts in the record reveals a competent, credible basis for each of the trial court's sentencing findings. Therefore, we conclude that the defendant has failed to demonstrate that the "record does not support the sentence" or "is otherwise contrary to law" by clear and convincing evidence. Cf. R.C. 2953.08(G). We accordingly overrule defendant's first assigned error.
For these reasons, the defendant's three assigned errors are overruled, and the judgment of the Common Pleas Court of Auglaize County is affirmed.
Judgment affirmed.
 HADLEY, P.J., and BRYANT, J., concur.