JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Ronald Fordie, challenges a four-year prison term imposed after he pleaded guilty to robbery in violation of R.C. 2911.02(A)(3), a third-degree felony. When imposing a sentence for a third-degree felony, the trial court must comply with R.C. 2929.11 and 2929.12.[1] The possible prison term for a third-degree felony ranges from one to five years.[2] The trial court must impose the minimum prison term on an offender who, like Fordie, has not previously served a prison term, unless the trial court finds on the record either that the minimum sentence would demean the seriousness of the offender's conduct or that it will not adequately protect the public from future crime.[3] When imposing a prison term greater than the minimum, the court need not specify its underlying reasons on the record, as long as the record reflects that the court engaged in the statutory analysis required by R.C.2929.14(B).[4] After reviewing the sentencing hearing and the felony sentencing findings in this case, we hold that the trial court did not err in imposing a four-year prison term here.
At the sentencing hearing, the trial court indicated that it was guided by the purposes of felony sentencing pursuant to R.C.2929.11. Additionally, the court appropriately considered R.C.2929.12. Specifically, the court identified on the felony sentencing worksheet that the crime was more serious because the victim suffered serious emotional and psychological harm, and that recidivism was likely because Fordie had showed no remorse and had interfered with the "victim's personal space." Further, the court considered the fact that, following the burglary, the victim became terrified of appearing in public places. Finally, the trial court found that the offense warranted more than the minimum confinement due to its serious nature, and it also determined that the minimum term would not adequately protect the public. As a result, we overrule Fordie's sole assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
 _________________ Hildebrandt, P.J.
Gorman and Sundermann, JJ.
[1] See R.C. 2929.13(C).
[2] See R.C. 2929.14(A)(3).
[3] R.C. 2929.14(B).
[4] See State v. Edmonson (1999), 86 Ohio St.3d 324, 326,715 N.E.2d 131, 133.