ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
Defendant William Hendricks appeals from the sentence imposed upon his conviction for burglary in violation of R.C. 2911.12(A)(3). For the reasons set forth below, we vacate defendant's sentence and remand for resentencing.
On December 16, 1999, defendant was indicted for one count of burglary in violation of R.C. 2911.12(A)(2), and one count of theft of property valued at more than $5,000 but less than $100,000, in violation of R.C.2913.02. Defendant subsequently entered into a plea agreement with the state and on February 7, 2000, he pleaded guilty to burglary pursuant to R.C. 2911.12(A)(3), a felony of the third degree. The theft charge was dismissed. Immediately prior to sentencing defendant, the trial court stated as follows:
 THE COURT: Okay. I do take into consideration your prior history, and we do have criminal mischief, disorderly conduct, menacing, aggravated menacing, tampering with evidence, obstruction of official business, public indecency, and in addition to that, something that's pending regarding domestic violence, and I'll give you the benefit of the doubt on that.
 I think we are all aware, and it's been stipulated, that you did violate a protection order in your current divorce proceeding. All of this together, coupled with the facts that I've just heard in the instant offense, lead me to the finding that you're not amenable to community-controlled sanctions, and that prison would be consistent with protecting the public, and punishing you as the offender.
The trial court subsequently sentenced defendant to four years imprisonment.[1] Defendant now appeals and assigns one error for our review.
Defendant's assignment of error states:
 THE TRIAL COURT COMMITTED PLAIN AND REVERSIBLE ERROR WHEN THE TRIAL COURT SENTENCED APPELLANT TO HIS FIRST IMPRISONMENT WITHOUT SPECIFYING, IN EXPLICIT DETAIL, THE BASIS OF THE COURT'S FINDINGS TO JUSTIFY IMPOSITION OF A SENTENCE LONGER THAN THE MINIMUM IN ACCORDANCE WITH THE MANDATE PRESCRIBED IN THE OHIO REVISED CODE.
Within this assignment of error, defendant complains that the trial court's remarks were insufficient as a matter of law to justify the imposition of more than the minimum term of incarceration in this instance.
Pursuant to R.C. 2929.13(C), there is no presumption for or against imprisonment in sentencing for a felony of the third degree. Accord State v. Barber (Sept. 7, 2000), Cuyahoga App. No. 77034, unreported. The trial court must therefore decide as an initial matter whether the defendant should be imprisoned or sentenced to community control sanctions. Id. Pursuant to R.C. 2929.13(C), this decision shall be made in furtherance of the purposes and principles of sentencing as set forth in R.C. 2929.11
and 2929.12. R.C. 2929.11 identifies these overriding purposes as the protection of the public from future crime by the offender and others and the punishment of the offender with consideration that the decision not demean the seriousness of the offender's conduct and its impact upon the victim.
If the court determines that imprisonment is warranted, the court must next decide the term which should be imposed. Cf. State v. Barber, supra. In accordance with R.C. 2929.14(B), the court shall impose the shortest prison term authorized for the offense if the defendant has not previously served a prison term, unless the court finds on the record that the shortest term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
In construing R.C. 2929.14(B), the Ohio Supreme Court has noted that "the verb `finds' as used in this statute means that the court must note that it engaged in the analysis and that [the sentence was imposed] for at least one of the [enumerated] sanctioned reasons." State v. Edmonson (1999), 86 Ohio St.3d 324, 326. Thus, the general assembly mandated a "record reflecting that judges considered certain factors and presumptions to confirm that the courts' decision-making process included all of the statutorily required sentencing considerations." Edmonson, supra, 327.
Applying the foregoing, we find that the remarks of the trial court clearly indicate its reasons for imposing incarceration rather than community control. Nonetheless, the court's remarks do not indicate that it proceeded to undertake the next analysis, i.e., whether the shortest term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. We are therefore compelled to vacate defendant's sentence and remand this matter for resentencing.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, J., AND JOHN T. PATTON, J., CONCUR.
 _________________________ ANN DYKE ADMINISTRATIVE JUDGE
[1] R.C. 2929.14(A)(3) provides that a prison sentence on a third degree felony may range from one to five years.