DECISION AND JOURNAL ENTRY
Michael A. Winland appeals the sentence imposed by the Wayne County Court of Common Pleas following his guilty plea. This court affirms.
 I.
On October 7, 1998, Winland and six acquaintances went to the home of Randall Leichty for the purpose of robbing Mr. Leichty of some marijuana plants that Mr. Leichty allegedly grew on his property. The group was armed with pistols and two shotguns. During the robbery, Winland entered the house and took marijuana stored in the basement. In the course of the robbery, one of the perpetrators fired his shotgun at Mr. Leichty at point blank range at the back of his skull. Mr. Leichty died as a result of the wound.
Ultimately, the perpetrators were apprehended. Winland agreed to cooperate with the prosecution and pled guilty to involuntary manslaughter, kidnapping, aggravated robbery, aggravated burglary, theft, and a firearm specification. The court sentenced Winland to ten years for the involuntary manslaughter, five years each on the robbery, burglary and kidnapping charges, eighteen months on the theft, and three years on the firearm specification. The firearm specification was to be served consecutive and prior to the sentence for manslaughter which was also consecutive to the remaining concurrent sentences. Winland was sentenced to a total of eighteen years.
Winland appealed his conviction and sentence, and this court remanded the case to the trial court for re-sentencing, pursuant to the requirements of R.C. 2929.14, 2929.19, and State v. Edmonson (1999),86 Ohio St.3d 324. State v. Winland (Jan. 26, 2000), Wayne App. No. 99CA0029, unreported. This court found that the trial court had not made the statutorily mandated findings to justify the imposition of maximum and consecutive sentences. Id. at 4-5.
Upon remand, the trial court again held a sentencing hearing, and imposed the same sentence upon Winland. He now appeals, assigning three errors.
 II.
Assignment of Error No. One:
 The trial court erred in sentencing Mr. Winland to the maximum of ten years in prison on the charge of involuntary manslaughter.
Winland challenges the court's imposition of a ten year sentence for involuntary manslaughter, the maximum sentence permitted by law. See R.C. 2903.04(A) and (C) and R.C. 2929.14(A)(1). According to the sentencing guidelines in effect at the time of the crime,
 the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense [and] upon offenders who pose the greatest likelihood of committing future crimes.
R.C. 2929.14(C).
 The trial court found that Winland committed the worst form of involuntary manslaughter and engaged in an analysis to support the finding. The court noted that "[t]his was a planned break-in which resulted in the, for lack of a better word, the execution style killing of Randall Leichty. * * * [H]e was shot in the back of the head at close range." Based on this analysis and its finding that Winland committed the worst form of the offense, the trial court imposed the maximum sentence.
Winland argues that because Winland was not the individual who actually shot the victim, the trial court improperly focused on the conduct of others when determining that Winland had "committed the worst form of the offense." However, Winland provided the following testimony at the trial of one of his co-defendants.[1] Before arriving at the victim's house, the perpetrators had armed themselves with two shotguns and several pistols. Winland himself had a pistol. If persons were in the house, the perpetrators planned to shoot them, in the arm or the leg. The record before the trial court at Winland's sentencing provided sufficient evidence that Winland agreed to participate in an armed robbery with six other participants, with the agreed intent to shoot any potential victims if they did not cooperate.
This court concludes that the trial court was justified in finding that Winland committed the worst form of the offense of involuntary manslaughter and that a maximum sentence was appropriate. Winland's first assignment of error is overruled.
 III.
Assignment of Error No. Two:
 The trial court erred in sentencing Mr. Winland consecutively on the charge of involuntary manslaughter.
In order to impose consecutive prison terms, the trial court must find
 [1] that the consecutive service is necessary to protect the public from future crime or to punish the offender and [2] that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and [3] if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
R.C. 2929.14(E)(3). The trial court must also give "its reasons for imposing the consecutive sentences[.]" R.C. 2929.19(B)(2)(c).
Winland argues that in making the findings outlined above, the trial court improperly focused on the conduct of others in finding that the seriousness of the defendant's conduct and the harm caused. This court disagrees.
The trial court found that consecutive sentences were necessary to punish Winland, that they were not disproportionate to the seriousness of Winland's conduct and his danger to the public, and that no single sentence adequately reflected the seriousness of Winland's conduct committed as a single course of conduct. The court specifically referenced Winland's participation in planning the robbery and kidnapping, which would include the use of deadly force if necessary. Winland himself drove to the victim's property prior to the crime, in order to locate the marijuana plants there. The crime was well-planned, with the perpetrators identifying themselves as sheriff's deputies serving a search warrant. Winland provided the perpetrators with walkie-talkies to communicate with one another and to avoid possible detection. The perpetrators had two twelve-gauge shotguns and several pistols among them. Winland himself was armed.
The court engaged in an analysis of the crimes and made the findings necessary to meet the statutory requirements for the imposition of consecutive sentences. Winland's second assignment of error is overruled.
 IV.
Assignment of Error No. Three:
 The trial court erred by not journalizing its findings and reasons required by [R.C.] 2929.19(B)(2).
Winland argues that the trial court erred because the court did not specifically make its statutorily required findings in the journal entry of sentencing. This court disagrees.
The Ohio Supreme Court held that in imposing a sentence that is other than the minimum sentence, the trial court must make findings, pursuant to the statute, in "the record of the sentencing hearing." State v.Edmonson (1999), 86 Ohio St.3d at 326. This court has determined that the findings must be made either in the transcript of the sentencing hearing or in the journal entry. State v. Riggs (Oct. 11, 2000), Summit App. No. 19846, unreported, at 3-4. The trial court here clearly made the appropriate findings at the sentencing hearing, including analysis based upon the evidence before it. In the journal entry, the trial court briefly noted that it had reviewed both the sentencing statute and the statutory requirements as outlined in Edmonson.
This court concludes that the trial court's entry of its findings on the record of the sentencing hearing was sufficient to satisfy the requirements of R.C. 2929.19(B)(2). Winland's third assignment of error is overruled.
Having overruled all the assignments of error, we affirm the judgment of the trial court.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
 __________________________ WILLIAM R. BAIRD
FOR THE COURT, WILLIAM G. BATCHELDER, P. J. CONCURS WHITMORE, J.
CONCURS IN JUDGMENT ONLY
[1] Both the prosecution and the defense agreed to make the transcript of Winland's testimony at the trial of co-defendant Ryan Gerber part of the record in Winland's case.