[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Dante Chatman pleaded guilty to trafficking in cocaine, in violation of R.C. 2925.03(A); preparation of drugs for sale, in violation of R.C. 2925.07(A); possession of cocaine, in violation of R.C. 2925.11; and another count of trafficking in cocaine, in violation of R.C. 2925.03(A)(3). The trial court sentenced Chatman to one-year prison terms on counts one, two, and four and to a two-year prison term on the third count. The court ordered the sentences on counts one, two, and three to run concurrently, but the sentence on the fourth count was made consecutive. In a single assignment of error, Chatman claims that the trial court erred by ordering that the two-year sentence was to run consecutively.
Under R.C. 2929.14(E)(4), the sentencing court may order consecutive prison terms if it finds (1) that the consecutive service is necessary to protect the public from future crime or to punish the offender and that (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The court must also make one of the following findings: (a) the offender committed the offenses while awaiting trial or sentencing or while on community or post-release control; (b) the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. Under R.C. 2929.19(B)(2)(c), the court must give its reasons for imposing the consecutive sentences.
In this case, the trial court failed to make the findings required by R.C. 2929.14(E)(4), and, obviously, it also failed to state its reasons for any such findings. See State v. Edmonson (1999), 86 Ohio St.3d 324,329, 715 N.E.2d 131, 135. Therefore, we hold that the trial court erred as a matter of law in imposing consecutive sentences. Accordingly, we sustain Chatman's assignment of error, reverse the judgment of conviction to the extent that it imposes consecutive sentences, and remand this cause to the trial court for resentencing with instructions that the court state on the record the findings required by R.C. 2929.14(E)(4) and give its reasons for those findings, pursuant to R.C. 2929.19(B)(2)(c). See, also, State v. Lemker (Mar. 23, 2001), Hamilton App. No. C-990331, unreported. In all other respects, the judgment is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Hildebrandt and Winkler, JJ.