**[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 324.]**

THE STATE OF OHIO, APPELLANT, *v.* EDMONSON, APPELLEE.

**[Cite as *State v. Edmonson*, 1999-Ohio-110.]**

*Criminal law—Penalties and sentencing—R.C. 2929.14(B), construed and applied.*

R.C. 2929.14(B) does not require that the trial court give its *reasons* for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence.

(No. 98-2603—Submitted June 9, 1999—Decided September 8, 1999.)

CERTIFIED by the Court of Appeals for Portage County, No. 97-P-0067.

———————————

{¶ 1} Antione T. Edmonson was convicted in 1997 on one count of aggravated robbery for violating R.C. 2911.01(A)(1). Though this was Edmonson's first prison sentence, the trial court sentenced him to the maximum term of imprisonment. Edmonson appealed, arguing that the trial court disregarded the mandates of R.C. 2929.14 when sentencing him to the maximum term of imprisonment and, therefore, his sentence was contrary to law. He contended that R.C. 2929.14(B) and (C) require a trial court to make certain findings on the record (1) when it sentences a defendant who has never served a prison term to a sentence other than the minimum sentence, and (2) when it sentences a defendant to a maximum prison term.

{¶ 2} The Court of Appeals for Portage County agreed that, based on the language of R.C. 2929.14(B) and (C), certain findings are to be made on the record by the trial court and that a "finding" implies a recitation of the operative facts on which the finding is based. The court of appeals determined that the sentence was contrary to law because the trial court failed to make explicit findings that "demonstrate why the minimum term of imprisonment should not have been

granted under R.C. 2929.14(B)" and why the maximum sentence should be imposed under R.C. 2929.14(C). The court of appeals, therefore, vacated Edmonson's sentence and remanded the matter for further proceedings.

{¶ 3} The court of appeals, finding its judgment to be in conflict with the decisions of the Ninth Appellate District in *State v. Crangle* (Aug. 6, 1997), Summit App. No. 18268, unreported, 1997 WL 460161; *State v. Miller* (Apr. 29, 1998), Summit App. No. 18645, unreported, 1998 WL 208830; and *State v. Blondheim* (May 27, 1998), Summit App. No. 18594, unreported, 1998 WL 281917, certified the issue to this court for review and final determination. In accordance with S.Ct.Prac.R. IV(2)(C) and *Whitelock v. Gilbane Bldg. Co.* (1993), 66 Ohio St.3d 594, 613 N.E.2d 1032, paragraph one of the syllabus, we agreed to accept the case.

_____

*Victor V. Vigluicci*, Portage County Prosecuting Attorney, and *Kelli K. Norman*, Assistant Prosecuting Attorney, for appellant.

*Hirt & Hirt* and *David S. Hirt*, for appellee.

*David H. Bodiker*, Ohio Public Defender, and *John Fenlon*, Assistant Public Defender, urging affirmance for *amicus curiae*, Office of the Ohio Public Defender.

_____

**COOK, J.**

{¶ 4} Based on the recent changes to the sentencing law in Ohio, minimum sentences are favored for first-time imprisonment and maximum sentences are disfavored generally. For instance, R.C. 2929.14(B) requires a trial court to impose a minimum sentence for first-time imprisonment unless it specifies on the record that the shortest prison term will demean the seriousness of the conduct or will not adequately protect the public from future crime by the offender. And R.C. 2929.14(C) and 2929.19(B)(2)(d) prevent a court from imposing a maximum sentence for a single offense unless the court records findings that give its reasons for selecting the maximum. Edmonson's sentencing raises both of these issues

because Edmonson was convicted of a single offense, was faced with imprisonment for the first time, and was sentenced to the maximum term of imprisonment.

## I

### A

#### R.C. 2929.14(B)

{¶ 5} R.C. 2929.14(B) reads as follows:

"[I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."

{¶ 6} The appellate districts in this state currently hold differing opinions about what information a trial court must include in a sentencing hearing record when imposing a sentence that is longer than the minimum upon an offender expected to receive the minimum sentence according to the presumption in R.C. 2929.14(B). The appellate debate in this state centers on the scope of the statutory phrase "finds on the record."

{¶ 7} We construe this statute to mean that unless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence.

{¶ 8} R.C. 2929.14(B) does not require that the trial court give its *reasons* for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence. By contrasting this

statute with other related sentencing statutes, we deduce that the verb "finds" as used in this statute means that the court must note that it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons. With other sentencing statutes, the General Assembly explicitly demands that courts give reasons. R.C. 2929.19(B)(2) requires a trial court to "make a finding that *gives its reasons* for selecting the sentence imposed." (Emphasis added.) In R.C. 2929.19(B)(2)(b), the General Assembly requires a court to provide a finding and an explanation by stating that the court shall set forth "the basis of the findings it made." We discern from the difference in the language of these sections within the same chapter and on the same subject—sentencing—that had the General Assembly intended the R.C. 2929.14(B) finding to include reasons, it would have explicitly expressed that intent as it did in R.C. 2929.19(B)(2).

{¶ 9} Our deduction is buttressed by other language in the sentencing statutes. The phraseology in R.C. 2953.08(A)(2), for example, supports the view that the statutory purpose is fulfilled when a court notes that it has considered the statutory criteria and specifies which of the given bases warrants its decision to vary from the preferred minimum sentence. It reads that a defendant may appeal as a matter of right if "the court did not *specify* at sentencing *that it found* one or more factors." (Emphasis added.) And likewise, the text of R.C. 2953.08(G)(1)(b) ratifies the view that in enacting the new sentencing laws, the General Assembly only sought to confirm that courts *considered* the statutory requirements by stating that a defendant may obtain certain relief if "the court did not *specify* in the finding it makes at sentencing *that it found* one or more of the factors specified." (Emphasis added.) The structure of the various sentencing statutes suggests that the General Assembly approached felony sentencing by mandating a record reflecting that judges considered certain factors and presumptions to confirm that the court's decision-making process included all of the statutorily required sentencing considerations.

{¶ 10} Edmonson contends that construing the statute to require findings without also requiring the court to articulate its reasoning will hamper appellate review, and that the appellate courts will be unnecessarily forced to review the entire record. But because R.C. 2953.08(F) explicitly obligates the appellate courts to review the record, we discount this argument.

B

{¶ 11} Having determined that a trial court sentencing an offender to his first imprisonment must specify on the record that one or both reasons allowed by R.C. 2929.14(B) justify a sentence longer than the minimum, we next assess whether the trial court did so in this case. The record shows that prior to imposing the maximum sentence, the court noted the following:

"I read the record that [*sic*] you have had problems, been locked down in a lock-down facility on two different occasions.[1]

"I find you to be a very dangerous offender and you to commit a crime again [*sic*]. This was a terrible incident with a person who has [*sic*] a gun, robbing people.

"Therefore, it is the sentence of this Court, that you be confined * * * [for] the sentence of ten years."

{¶ 12} In the judgment entry, the trial court stated:

"The Court has considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and has balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12.

" * * *

"The Court further finds that [Edmonson] is a dangerous offender, that recidivism is likely, and that a gun was used during this incident."

---

1. The lock-down facility was a jail, not a prison. See R.C. 2929.01(CC) (defining "prison"); R.C. 2929.01(V) (defining "jail").

**{¶ 13}** Although one or more of the remarks by the trial court might be argued to support a finding that the three-year minimum sentence would demean the seriousness of Edmonson's conduct or that the public would not be adequately protected from his future crime, the trial court did not specify either of these reasons listed in R.C. 2929.14(B) as supporting its deviation from the minimum sentence of three years. With this record, there is no confirmation that the court first considered imposing the minimum three-year sentence and then decided to depart from the statutorily mandated minimum based on one or both of the permitted reasons. Accordingly, we agree with the judgment of the court of appeals vacating the trial court's sentence and remanding this cause to the trial court for resentencing.

## II

### A

### R.C. 2929.14(C) and 2929.19(B)(2)(d)

**{¶ 14}** In Part I of this opinion, we considered the challenge to the sentencing decision that denied Edmonson the statutorily mandated *minimum* sentence without the record finding necessary to impose a longer one. In Part II, we consider Edmonson's claim on appeal that the sentencing decision also fails to meet the statutory requirements for imposing a *maximum* sentence.

**{¶ 15}** The statutes to be construed are R.C. 2929.14(C) and 2929.19(B)(2)(d). The first establishes the public policy disfavoring maximum sentences except for the most deserving offenders and reads as follows:

"[T]he court imposing a sentence upon an offender for a felony may impose the *longest prison term* authorized for the offense * * * *only* upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * *, and upon certain repeat violent offenders * * *." (Emphasis added.) R.C. 2929.14(C).

6

**{¶ 16}** The other statute at issue, R.C. 2929.19(B)(2)(d), sets the procedure that a trial court must follow when imposing the maximum sentence on an offender for a single offense. As applicable to Edmonson, R.C. 2929.19(B)(2)(d) requires a trial court to "*make a finding that gives its reasons for selecting the sentence imposed*" if the sentence is for one offense and is the maximum term allowed for that offense, and requires a trial court to set forth its "*reasons for imposing the maximum prison term*." (Emphasis added.)

### B

**{¶ 17}** Considering, then, whether the record in Edmonson's case fulfills the statutory requirements outlined in Part II, subpart A above, we hold that it does not. As recounted above, the Edmonson sentencing fails to record a finding that Edmonson fits within one of the categories of offenders in R.C. 2929.14(C). Obviously, without the finding itself, the court also fails to provide the necessary "finding that gives its reasons." R.C. 2929.19(B)(2)(d). With this record, we cannot confirm that the trial court heeded the enacted policy of the General Assembly meant for curtailing the imposition of maximum terms. In order to lawfully impose the maximum term for a single offense, the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C).

**{¶ 18}** We agree with the court of appeals that this cause should be remanded for resentencing.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

RESNICK, J., concurs in judgment only.

—————————