OPINION
Defendant-Appellant, Donnie R. Russell, brings this appeal from a judgment of conviction and sentence issued by the Court of Common Pleas of Auglaize County, ordering Appellant to serve maximum, consecutive prison terms on two counts of attempted aggravated vehicular homicide. For the reasons stated below, we vacate the trial court's judgment and remand the matter for resentencing.
On March 15, 1999, at approximately 10:00 p.m., while traveling northbound on Interstate 75, Appellant struck the rear of a vehicle driven by Dorothy Allen, forcing it off the road. As a result of the collision, Allen's vehicle flipped over twice, eventually landing in a ditch. Appellant then struck the rear of a tractor-trailer truck. He continued down the highway for another two-tenths of a mile before stopping on the shoulder. Appellant fled the scene on foot and was later found hiding facedown in a field. The authorities noticed an odor of alcohol and Appellant admitted to having consumed a pitcher of beer at a restaurant prior to the accident. Appellant was then taken into custody without incident.
Meanwhile, Allen was "care-flighted" to Miami Valley Hospital in Dayton, Ohio, where she spent four days undergoing treatment for several serious injuries. Allen's sister, Katherine Miller, who was riding in the passenger seat, was also injured and treated at another facility for various bone fractures and a pulmonary contusion. In addition to the physical injuries, Allen's vehicle sustained serious damage. The driver of the tractor-trailer was not injured.
Appellant subsequently pled guilty to two counts of attempted aggravated vehicular homicide, violations of R.C. 2923.02(A) and2903.06(A) and fourth degree felonies. The trial court accepted the pleas in a July 20, 1999 entry, and ordered the preparation of a presentence investigation report and victim impact statements.
Thereafter, on September 20, 1999, the trial court conducted the sentencing hearing and, based upon various findings, ordered Appellant to serve the maximum prison term of 18 months on each count and ordered the sentences served consecutively. This appeal followed.
 Assignment of Error I The trial court failed to properly follow the sentencing criteria set forth in Ohio Revised Code Sections 2929.13 and 2929.14, resulting in the Defendant-Appellant receiving the maximum sentence on each count.
R.C. 2953.08(G)(1) permits this court to vacate a sentence and remand it to the trial court for the purpose of resentencing in the event that we clearly and convincingly find that: (a) the record does not support the sentence; * * * [or] (d) [t]hat the sentence is otherwise contrary to law." In this first assignment of error, Appellant claims that the trial court's decision to impose the maximum sentence on each count was not supported by the facts contained in the record and was contrary to law. Based upon the following analysis, we disagree.
Due to the July 1, 1996 enactment of Senate Bill 2, Ohio felony sentencing law requires a trial court to make various findings before it may properly impose a sentence. With regard to those findings, this court has consistently held that "it is the trial court's findings under R.C. 2929.03, 2929.04, 2929.11, 2929.12,2929.14 and 2929.19 which in effect, determine a particular sentence and that a sentence unsupported by these findings is both incomplete and invalid." State v. Bonanno (June 24, 1999), Allen App. No. 1-98-59 and 1-98-60, unreported; see alsoState v. Martin (June 23, 1999), Allen App. No. 1-98-81, unreported. A trial court must be in strict compliance with the relevant sentencing statutes by making all necessary findings on the record at the hearing on sentencing. Bonanno, supra, at 6. Furthermore, when required, the court must state its particular reasons for doing so. Id.
When sentencing an offender on a fourth degree felony, a trial court may impose a prison term ranging from six to eighteen months. See R.C. 2929.14(A)(4). In addition, when sentencing on a fourth degree felony, a trial court is mandated to review the factors listed in R.C. 2929.13(B)(1) to determine whether any are applicable to the matter at hand. These factors are set forth, in relevant part, as follows:
 (a) In committing the offense, the offender caused physical harm to a person.
 (b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 (c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 (d) The offender held a public office or position of trust and the offense related to that office or position * * *.
 (e) The offender committed the offense for hire or as part of an organized criminal activity.
 (f) The offense is a sex offense that is a fourth or fifth degree felony * * *.
(g) The offender previously served a prison term.
 (h) The offender previously was subject to a community control sanction, and the offender committed another offense while under the sanction.
If the trial court finds that one or more of these factors exists, and, "after considering the factors set forth in section2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender."
Upon finding that prison is the most appropriate punishment, the trial court must then turn to R.C. 2929.14. Subsection (B) of this statute provides that if an offender has not previously served a prison sentence, as the appellant in this case, the court must impose the shortest term unless it finds on the record that "the shortest term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime * * *." If the court makes this preliminary finding, it may then properly impose the maximum term upon concluding, among other things, that the offender committed one of the worst forms of the crime or that the offender poses the greatest likelihood of committing future crimes. See R.C. 2929.14(C).
Pursuant to R.C. 2929.19(B)(1)(e), the court is then required to state its reasons for imposing the longest prison term available. In State v. Edmonson (1999), 86 Ohio St.3d 324, the Supreme Court of Ohio articulated the difference between making a finding on the record and giving reasons for imposing a certain sentence. The court indicated that "finds on the record" merely means that the court must specify which statutorily sanctioned ground it has relied upon in deciding to impose a particular sentence, i.e. that the offender committed one of the worst forms of the offense. Id. at 326. However, when a statute further requires the court to provide its reasons for imposing a sentence, as in the case of a maximum term, the court must make theapplicable findings, and then provide a factual explanationsetting forth the basis for those findings. Id.
In the instant case, the record indicates that the trial court properly considered all relevant statutes and made the required findings necessary to impose the maximum sentence. Moreover, the sentencing hearing transcript reveals that the trial judge stated that his reason for imposing the maximum sentence was the fact that Appellant has had previous convictions for various offenses involving alcohol and violence. Therefore, despite Appellant's claims to the contrary, we find that the trial court did not err sentencing Appellant to the maximum prison term.
 Assignment of Error II The trial court's ordering the sentences of Defendant-Appellant to be served consecutively to each other was unsupported by the record and was contrary to law.
R.C. 2929.14(E) states, in relevant part:
 (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive sentence is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
* * *
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Additionally, in imposing consecutive sentences, the trial court must also follow the mandates contained in R.C. 2929.19(B)(2)(c), which requires the court to state its particular reasons for doing so at the hearing.
While the record demonstrates that the trial court complied with R.C. 2929.14(E) by making the necessary findings, the hearing transcript reveals that the court failed to give its reasons for imposing the sentence through an explanation setting forth the factual basis underlying those findings. Thus, the court did not comply with the R.C. 2929.19(B)(2)(c). As we stated previously, a trial court must strictly adhere to the mandates set forth in the relevant sentencing statutes. Bonanno, supra, at 6. Because the trial court did not state its reasons for imposing consecutive sentences at the hearing, we agree with Appellant's argument that the sentence is contrary to law.
Accordingly, Appellant's second assignment of error is sustained.
Having found error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of sentencing is vacated and the matter remanded for resentencing.
Sentence vacated and remanded for resentencing.
SHAW and BRYANT, JJ., concur.