[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
Defendant-appellant, Marty Johnson, was convicted of one count of drug abuse pursuant to R.C. 2925.11. The trial court sentenced Johnson to three years of community control, subject to various conditions. After his fourth violation of the conditions of his community control, the trial court sentenced him to serve one year in prison, the maximum term Johnson could have received.
In his sole assignment of error, Johnson contends that the trial court erred by imposing the maximum sentence. R.C. 2929.15(B) provides that if an offender violates the terms of his community control, the trial court may impose a prison term pursuant to R.C. 2929.14. However, in imposing the maximum sentence the trial court must make the necessary findings set forth in R.C. 2929.14(C). State v. Green (Sept. 1, 2000), Hamilton App. No. C-990771, unreported; State v. Delaney (Aug. 20, 1999), Hamilton App. No. C-981017, unreported.
In this case, the trial court found that Johnson posed the greatest likelihood of committing future crimes, which justified the imposition of the maximum sentence pursuant to R.C. 2929.14(C). In making this finding, the court cited Johnson's four violations of the conditions of his community control, which were the result of failed drug tests. It also discussed his failed attempts at rehabilitation, including absconding from his last treatment program, and its belief that Johnson's attempts at rehabilitation were insincere. The trial court was in the best position to observe Johnson's demeanor and to decide whether his claims of remorse were genuine. See Green, supra; State v. Howard
(Sept. 11, 1998), Hamilton App. No. C-970149, unreported. Under the circumstances, we cannot say that the trial court's finding was not supported by clear and convincing evidence or that it was contrary to law. State v. Edmonson (1999), 86 Ohio St.3d 324, 715 N.E.2d 131; Statev. Napier (Aug. 28, 1998), Hamilton App. No. C-970383, unreported.
Johnson argues that the trial court could only have considered circumstances that existed at the time of the original offense, and not the events that occurred while he was subject to community control. This court has rejected that argument. Green, supra; Delaney, supra. Accordingly, we hold that the trial court did not err in ordering Johnson to serve the maximum sentence. We overrule his assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Doan and Winkler, JJ.