DECISION AND JOURNAL ENTRY
Defendant Leonard Harper, Jr. appeals from his conviction and sentence from the Summit County Common Pleas Court. This Court affirms in part, reverses in part, and remands for resentencing.
 I.
Defendant was indicted by the Summit County Grand Jury on five counts of aggravated robbery, in violation of R.C. 2911.01(A)(1), for actions spanning from March to July 1997. At the conclusion of Defendant's trial, the jury convicted him on all five counts. The trial court then sentenced Defendant to three years of prison for each count, to be served consecutively.
On August 18, 1998, Defendant appealed the trial court's sentence and this Court reversed and remanded because the trial court failed to state a basis for its application of consecutive sentences. State v. Harper
(Feb. 24, 1999), Summit App. No. 18916, unreported, at 3-4. This Court reversed and remanded the case a second time for resentencing. State v.Harper (Apr. 5, 2000), Summit App. No. 19605, unreported, at 4. At the second resentencing hearing, the trial court re-imposed the original sentence of five consecutive three-year terms. Defendant has timely appealed his resentencing to this Court, asserting two assignments of error.
 II. A. Assignment of Error Number One The trial court erred in ordering the sentences to be served consecutively in the absence of any evidence in the record of any of the factors enumerated in R.C. 2929.14(E), and in the absence of any findings of such factors of the record.
 In his first assignment of error, Defendant has asserted that the trial court failed to state the necessary findings required under R.C. 2929.14(E) when re-sentencing him to a consecutive sentence. This Court disagrees.
This Court recently applied the rationale of State v. Edmonson (1999),86 Ohio St.3d 324, and held that trial courts are required to make findings and give reasons to support the imposition of consecutive sentences. See State v. Riggs (Oct. 11, 2000), Summit App. No. 19846, unreported, at 2. In Riggs this Court concluded that Edmonson requires a trial court to use some language that is close, if not identical, to the statutory criteria when articulating its findings. Id. at 3.
R.C. 2929.14(E)(4) sets forth three findings a trial court must make before imposing a consecutive sentence. A trial court must find that:
 [T]he consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
R.C. 2929.14(E).
 The transcript of the resentencing hearing of the case at bar revealed that the trial court found that the crime was not a single course of conduct. The trial court further stated that "anything less than a sentence reflective of the particular crime * * * would demean the seriousness of the offense; and that consecutive sentences are necessary to protect the public from future crime by the offender."
The journal entry stated that:
 consecutive sentences are necessary to protect the public and punish the offender, not disproportionate to the conduct and to the danger the offender poses, and:
 (1) the harm was so great or unusual that (sic) single term does not adequately reflect the seriousness of the conduct;
(2) continuing course of conduct;
(3) not a single act;
 (4) carefully planned and repeated premeditated series of offenses;
(5) use of firearms with threats of violent harm and death;
 (6) no acceptance of responsibility despite overwhelming evidence;
(7) recidivism likely;
 (8) anything less would demean the seriousness of the offense.
Based on the foregoing, this Court concludes that the trial court made the requisite findings and provided the necessary reasons for imposing consecutive sentences. Defendant's first assignment of error is overruled.
 B. Assignment of Error Number Two The trial court erred in sentencing [Defendant] without providing an opportunity for allocution.
 In his second assignment of error, Defendant has argued that the trial court erred when it failed to provide him an opportunity for allocution. This Court agrees.
Crim.R. 32(A)(1) provides that "[a]t the time of imposing sentence, the court shall * * * address defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." In its brief, the State has asserted that Defendant waived his argument by failing to object at the sentencing hearing. However, the Ohio Supreme Court has recently determined that the doctrine of waiver is inapplicable and that Crim.R. 32(A)(1) confers an absolute right of allocution. See State v. Campbell
(2000), 90 Ohio St.3d 320, 324-325; see, also, State v. Green (2000),90 Ohio St.3d 352, 358-359.
 [A] trial court must address the defendant personally and ask whether he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment.
 Campbell, 90 Ohio St.3d at 323.
The transcript of the resentencing hearing in the case at bar reveals that the trial court did not address Defendant personally and ask whether he wanted to make a statement in his own behalf or present any information in mitigation of punishment. Accordingly, Defendant's right to allocution was violated. His second assignment of error is sustained.
 III.
Defendant's first assignment of error is overruled. His second assignment of error is sustained. The cause is remanded for resentencing in accordance with State v. Campbell (2000), 90 Ohio St.3d 352.
 —
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
BATCHELDER, P. J., BAIRD, J., CONCURS