[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Richard A. Pierani appeals from the judgment of the trial court sentencing him to consecutive minimum terms of incarceration for two felonies of the fifth degree. In a single assignment of error, Pierani argues that the court erred by imposing prison terms and by ordering the sentences to run consecutively.
Pierani contends that, because the court did not make a finding that at least one of the factors under R.C. 2929.13(B) existed, the court could not impose a prison term for a fifth-degree felony. But this court has said that, "even if a sentencing factor is not found under 2929.13(B)(1), a trial court may still impose a prison sentence for a fifth-degree felony if it finds that, consistent with the purposes and principles of sentencing, an offender is not amenable to community control pursuant to R.C. 2929.13(B)(1)." State v. Brewer (Nov. 24, 2000), Hamilton App. No. C-000148, unreported; see, also, State v. Fox (Mar. 6, 2001), Wyandot App. No. 16-2000-17, unreported.
The determination of whether an offender is amenable to community control may require that the court have evidence that some of the available local sanctions have been tried and have failed. See Brewer,supra. Here, the court specified on its felony-sentencing worksheet that Pierani was not amenable to community control, and that prison was consistent with sentencing purposes. The court further found the following "recidivism likely" factors under R.C. 2929.13(D): Pierani (1) had prior convictions, (2) had unsuccessful terms of probation, (3) had a long-standing substance abuse pattern; (4) had failed to meet parental responsibilities; (5) had paid only $954 out of $64,000 owed in child support; and (6) had previously been through treatment programs. We hold that the record supports the court's imposition of prison terms for the offenses.
Pierani also contends that the court should not have ordered his prison terms to run consecutively. But the court satisfied the R.C. 2929.14(E)(4) requirements in that it found (1) that Pierani had caused great harm, because he had "totally abrogated [his] responsibilities for many years," and (2) that consecutive sentences were necessary to fulfill the purposes of R.C. 2929.11. Based upon the trial court's reasons given at the sentencing hearing and journalized on its sentencing worksheet, we conclude from the record that the trial court engaged in the level of analysis required under R.C. 2929.14(E)(4). See State v. Edmonson
(1999), 86 Ohio St.3d 324, 326, 715 N.E.2d 131, 134; State v.Cowperthwaite (Dec. 29, 2000), Hamilton App. No. C-000347, unreported, discretionary appeal not allowed (2001), 91Ohio St.3d 1490, ___ N.E.2d. ___.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.