OPINION
Defendant, Ceasar R. Berryman, appeals from his consecutive sentences on five counts of Armed Robbery, R.C. 2911.01(A). He presents a single assignment of error, which states:
 THE TRIAL COURT ERRED BY ORDERING CONSECUTIVE SENTENCES WITHOUT FURNISHING ADEQUATE REASONS FOR ALL OF THE FINDINGS AS REQUIRED BY LAW AND IN DOING SO ALSO PRESENTS AN ISSUE FOR APPELLATE REVIEW PURSUANT TO R.C. 2953.08(C)
R.C. 2953.08(C) authorizes appeals from consecutive sentences imposed pursuant to R.C. 2929.14(E)(3) or (4) when "the consecutive sentences exceed the maximum prison term allowed by division (A) of that section for the most serious offense of which the defendant was convicted." Armed Robbery, R.C. 2911.01(A) is a felony of the first degree, for which the maximum available term is ten years. R.C. 2929.14(A)(1). Berryman's consecutive sentences total twenty years. He has satisfied the threshold requirement for review of the sentences the trial court imposed.
R.C. 2929.14(E)(4) authorizes imposition of consecutive sentences if the trial court finds, inter alia, ". . . that the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Further, and pursuant to R.C. 2929.19(B)(2)(c), when the court makes those findings it must state its reasons for them.
The purpose of the "reasons" requirement in R.C. 2929.19(B) is to confirm that the court engaged in the analysis which a particular finding requires. State v. Edmonson (1999), 86 Ohio St.3d 324. To satisfy the requirement, the court must identify the particular factual grounds that support its finding.
At the sentencing hearing of February 26, 2001, the court reviewed the facts of Berryman's Armed Robbery offenses and concluded by stating:
 "So, to summarize, you plead guilt to robbing four separate individuals as well as the UDF Company and it was a terrifying situation because there are strangers to you — the three nurses, sticking the gun at the UDF trainee's ribs, ordering the store employees and customers on the ground — and no doubt they all feared for their lives. Terrifying situation."
(T. 5).
The court also reviewed what it called Berryman's "significant and lengthy" (T. 6) record of convictions and his resulting incarcerations. The court then went on to state:
 "And despite repeated terms of imprisonment, you persist in these terrifying acts. And incredible to the court, despite having served a lengthy, eight-year sentence on a robbery, you proceeded to rob again on two separate occasions.
 So obviously a sentence significantly longer than eight year is necessary to protect the public and the recommendation of the pre-sentence investigation report is, quote: The instant offense was violent in nature as Mr. Berryman robbed several people at gunpoint over the span of nine days.
 He has a prior violence conviction for which he served time in prison. He was granted parole and was released although that supervision failed to deter future criminal behavior. Mr. Berryman's actions warrant lengthy consecutive prison terms."
(T. 7).
For purposes of appellate review, it would be most helpful for the trial courts to expressly and directly connect a finding and the reasons for it when a statement of the court's reasons is required. Appellate courts should not have to scour the record for reasons, and in most instances in which facts that might constitute reasons are unrelated to particular findings, they probably won't. Here, however, that relationship is evident.
The court's stated reason for its finding that the consecutive sentences it imposed for Berryman's offenses are not disproportionate to the seriousness of his conduct was because Berryman had created a "terrifying situation" for each of his four victims. The court's stated reason for its finding that consecutive sentences are not disproportionate to the danger which Berryman poses to the public was because he has a "significant and lengthy" criminal record. The court's statements in those respects, while not expressly identified as its reasons, are on this record sufficiently connected to them to satisfy the "reasons" requirement of R.C 2929.19(B)(2)(c).
The assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. and FAIN, J., concur.