OPINION
Defendant Thomas W. Sampson appeals a judgment of the Court of Common Pleas of Stark County, Ohio, convicting and sentencing him for two counts of trafficking in cocaine in violation of R.C. 2925.03. Because of the amount of cocaine involved, the offenses are third degree felonies. The trial court sentenced appellant to four years incarceration on one charge and a consecutive three year term on the other charge. Because the seven year aggregate term of imprisonment exceeds the maximum for a single offense, appellant appealed the sentence. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN SENTENCING APPELLANT IN VIOLATION OF R.C. 2929.14 (B), AND (E) (4).
Appellant was convicted of selling an undercover confidential informant a large amount of cocaine on two separate occasions.
On October 26, 2000, Timiko Payton was working for the Alliance Police Department as a confidential informant. Equipped with a wire to enable surveilling officers to monitor and tape record Payton's conversations, Payton contacted appellant and discussed with him the prospect of buying a large amount of cocaine. Appellant eventually agreed to sell Payton an ounce of cocaine for $1,000. Payton paid appellant for the cocaine, and appellant left to obtain the drugs. Several hours later, appellant met with Payton and delivered the cocaine to the informant. Appellant also instructed Payton on what to do with the cocaine.
On November 1, 2000, Payton was again wired by the Alliance Police Department and given $950 in buy money to effect a purchase of cocaine from appellant. Payton contacted appellant, and the two discussed the terms of the sale. Appellant eventually agreed to the $950 price for the cocaine, asked for the money up front, and promised to return with the drugs. During the course of the day, Payton attempted to contact appellant about the delivery and to meet with appellant. Appellant eventually met with Payton, but did not have the cocaine to deliver. The two agreed to meet the next day, at which time appellant had some but not all of the cocaine. Appellant offered to give what cocaine he had and to owe Payton $200 worth in the future. Payton agreed to the arrangement, and the deal was completed. The second sale was 10.7 grams.
R.C. 2929.14 (B) states that if a court is required to impose a mandatory prison term, as here, and if the offender has not previously served a prison term, as is also the case here, then the court shall impose the minimum prison term authorized by law, unless the court finds the shortest term will demean the seriousness of the conduct, or will not adequately protect the public from future crimes by the offender or others. The felonies for which appellant was convicted, under R.C. 2925.03
carry a range of from one to five years incarceration, see R.C. 2929.14.
The trial court here found the minimum sentence would be inappropriate because it would demean the seriousness of appellant's conduct. The court further found it would not protect the public to give appellant the minimum sentence. The court noted appellant has no prior record, and is a veteran but found that did not outweigh the factors against appellant.
R.C. 2953.08 governs an appeal of sentence for felony convictions. Subsection (G)(2) states:
 The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
 The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for re-sentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 (a) That the record does not support the sentencing court's findings under division (B) or (D) of Section 2929.13, Division (E)(4) of Section 2929.14, or Division (H) of Section 2929.20 of the Revised Code, whichever, if any, is relevant.
That the sentence is otherwise contrary to law.
We find the trial court made the requisite findings to support a sentence greater than the minimum as required by R.C. 2929.14. The statute is in the disjunctive, but the trial court found both factors applied. The trial court is not required to state its reasons for the findings, see State v. Edmonson (1999), 86 Ohio St.3d 324. The court here did state some of its reasoning on the record.
The trial court went on to impose consecutive sentences rather than concurrent sentences, finding concurrent sentences would give appellant a "bye" on the second sale. The court found if there had been two sales on the same day, then perhaps it could consider concurrent terms, but the sales here were separated by a six to eight day period of time.
The court found the harm in this case was so great and unusual that a single term would not adequately reflect the seriousness of the conduct. This is one of the factors stated in R.C. 2929.14 (E), which the court must find in order to impose consecutive sentences.
Pursuant to statute, the offense is a third degree felony if the amount of cocaine equals or exceeds 10 grams, but is less than 100 grams of cocaine. Appellant urges the amounts he sold, specifically 10.7 grams and 25.7 grams, are on the "low end" of the range, and the court should have considered this. Appellant also urges no harm was caused by the sales, because they were made to an individual with a greater criminal history than appellant, and the drugs did not in fact circulate in the community, because the sales were actually made to the Alliance Police Department.
Detective Sergeant Scott Griffith, the officer in charge of the Special Investigation Unit of the Alliance Police Department, testified the confidential informant had previously been arrested after he made three sales of crack cocaine, potentially chargeable as second, third, and fourth degree felonies. As a result of the agreement with the Alliance Police, the confidential informant was charged with a single felony in the fourth degree. The confidential informant was on parole at the time, while appellant himself had no previous criminal record.
The trial court found appellant's connections to the drug trade had been demonstrated by how easily he located a large amount of drugs in the first sale. Appellant argued this finding is not supported by the record, and is an inappropriate inference from the facts. As the State argues, the ounce of cocaine was sold for $1,000, and appellant was able to obtain it in a relatively short period of time. We find the trial court was justified in inferring appellant had prior associations with the drug trade.
We have reviewed the record, and we find the trial court's reasons stated on the record reasons for imposing a sentence greater than the minimum, and for imposing the sentences consecutively. These sentences comply with the statutes and are supported by the record.
The assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is affirmed.
By GWIN, P.J., HOFFMAN, J., and EDWARDS, J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.