JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Steve Vlahopoulos, appeals the sentencing by the trial court and claims that the trial court's imposition of consecutive terms of incarceration is disproportionate under the sentencing guidelines and constitutes cruel and unusual punishment. Defendant also asserts that the trial court failed to comply with the mandatory sentencing obligation found in R.C. 2971.03. For the following reasons, we affirm in part and remand for resentencing.
{¶ 2} On September 16, 1999, the Cuyahoga County Grand Jury indicted defendant on eight counts. In Counts One and Two, the State charged defendant with raping his twenty-year-old niece. In Counts Three, Four, Five and Six, the State charged defendant with raping his sixteen-year-old niece. Counts One through Six each contained sexually violent predator specifications and repeat violent offender specifications which alleged that in September 1991, defendant was convicted of felonious assault. In Count Seven, the State charged defendant with corrupting another with drugs, and in Count Eight, the State charged him with corrupting a minor with drugs.
{¶ 3} On June 15, 2000, defendant was found guilty on all counts, except for the rape in Count Two.
{¶ 4} On June 16, 2000, the trial court sentenced defendant to nine years for each rape count (Count One, Three, Four, Five, and Six) and seven years for each of the corruption counts (Counts Seven and Eight). The sentences were ordered to be served consecutively to each other for a total sentence of 59 years.
{¶ 5} Defendant appealed his conviction and sentence. On August 31, 2001, this Court reversed the guilty verdicts as to Counts One and Three and remanded the case for re-sentencing. See State v. Vlahopoulos
(Aug. 31, 2000), Cuyahoga App. No. 78206.
{¶ 6} At the re-sentencing hearing on October 18, 2001, the trial court imposed a sentence of nine years on Count Four, nine years on Count Five, nine years on Count Six, seven years on Count Seven and seven years on Count Eight. The sentences were ordered to be served consecutively to each other for a total sentence of 41 years. Defendant appeals the trial court's re-sentencing and asserts the following four assignments of error:
 I. {¶ 7} THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES.
{¶ 8} In his first assignment of error, defendant argues that the trial court erred in imposing consecutive sentences without providing reasons as set forth in R.C. 2929.19(B)(2)(c). We disagree.
{¶ 9} Pursuant to R.C. 2929.14(E)(4), the trial court may impose consecutive prison terms for convictions of multiple offenses upon the making of certain findings enumerated in the statute. Specifically, R.C.2929.14(E)(4) provides in pertinent part:
 {¶ 10} If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 11} (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 12} (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 13} (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
{¶ 14} Under R.C. 2929.19(B)(2)(c), if the trial court imposes consecutive sentences, it must make a finding on the record that gives its reason for imposing consecutive sentences. State v. Nichols (Mar. 2, 2000), Cuyahoga App. Nos. 75605, 75606; State v. Parker (Dec. 9, 1999), Cuyahoga App. Nos. 75117, 75118; State v. Cardona (Dec. 16, 1999), Cuyahoga App. No. 75556. The record must confirm that the trial court's decision-making process included all of the statutorily required sentencing considerations. See Cardona, supra; Nichols, supra, citingState v. Edmonson (1999), 86 Ohio St.3d 324. The trial court need not use the exact words of the statute; however, it must be clear from the record that the trial court made the required findings. State v. Garrett (Sept. 2, 1999), Cuyahoga App. No. 74759.
{¶ 15} Here, at the sentencing hearing, the trial court stated the following in pertinent part:
 {¶ 16} First of all, I would like to engage in an analysis of the factors more serious, less serious, and recidivism factors to be considered.
 {¶ 17} Pursuant to Revised Code Section 2929.12(B), overall the factors point to this being obviously a more, if not most, serious offense, and my finding that this recidivism is more likely, specifically I find more serious factors, the injury was exacerbated by the age of the victim, the victims were young nieces of the Defendant, one was under the age of 18 at the time of the offense, the victim suffered serious psychological harm.
 {¶ 18} Obviously, not being stated however, being raped by your uncle would cause a young woman serious harm.
 {¶ 19} And most obvious, the relationship with the victim facilitated these offenses. These victims were family members of the Defendant and he took advantage of that relationship in perpetrating this crime.
 {¶ 20} In considering the less serious factors, I find that no less serious factors apply. The victim obviously did not induce or facilitate this offense.
 {¶ 21} There was no strong provocation brought about, and I find no other factors to consider as less serious.
 {¶ 22} I do specifically find again recidivism is more likely. Specifically, I'd like to review the testimony from Loren Nichols, the Defendant's ex-wife, regarding an event that took place on Ocotber 31st of 1990.
 {¶ 23} She was awoken that night by the screams of her eleven-year-old daughter, who was in the bathroom bleeding profusely from her genital area. As Miss Nichols prepared to take the girl to the hospital, Mr. Vlahopoulos told her that he had harmed the girl with his hand. Miss Nichols became hysterical, and Mr. Vlahopoulos grabbed a gun which the couple kept at the apartment. Nichols subsequently obtained the gun and later brought the girl to the hospital.
 {¶ 24} Miss Nichols testified that two surgeries were needed to repair the harm done to their daughter.
 {¶ 25} The Court of Appeals opinion states, quote, medical records of the incident compare the harm done to the girl by the defendant to an episiotomy or surgical procedure sometimes done to facilitate child birth, end quote.
 {¶ 26} Mr. Vlahopoulos subsequently plead quilty to felonious assault, he violated his probation and was sentenced to prison in 1995.
 {¶ 27} He has a prior history of sexual offenses against his family members. Recidivism, based upon that prior history, is likely.
 {¶ 28} He still has a daughter out there and his daughter is now a mother of his grandchildren.
 {¶ 29} Mr. Vlahopoulos I should also note has shown no interest in taking any responsibility for either the crimes against his nieces, or the crime against his daughter.
 {¶ 30} The testimony in this case also indicated, and he was convicted of, corrupting another minor with drugs.
 {¶ 31} Now, recidivism more likely factors include an alcohol drug abuse pattern related to the offense, the offender does not acknowledge the pattern, refuses treatment, and there was testimony from both nieces that the offender, or defendant, Mr. Vlahopoulos, uses cocaine, or used cocaine, on a regular basis.
 {¶ 32} As far as recidivism less likely factors, there has been no genuine remorse shown, and I find no other factors that could apply.
 {¶ 33} Therefore, I also make the finding that I need not apply the shortest prison term because Mr. Vlahopoulos has served a prior prison term for the felonious assault on his own child from 1990.
 {¶ 34} In this case, consistent with my prior sentencing, first of all I'd like this sentencing that took place many months ago, I'm going to incorporate all of the findings I made on that date into this record * * *.
 {¶ 35} Now, my findings, consistent with Senate Bill II, I find that raping two nieces entrusted in your care is the worst form of the offense.
 {¶ 36} I also couple that finding with the fact that he basically caused an episiotomy to his daughter in 1990, that he poses a great likelihood of re-offending in a sexual manner.
 {¶ 37} Therefore, although I did not impose a maximum sentence on every single count, I recognize that my total sentence of 41 years greatly exceeds the maximum sentence for any single count, and I make those findings.
 {¶ 38} The reason for the finding again, is the relationship with the family member, the calculated nature of the crime, a crime with the 16 year old took place over a several-month period, anal, oral, — Or I'm sorry, anal and vaginal intercourse for the 16 year old niece is the worst form of the offense, and then applying that minors — or supplying both nieces with drugs to make those offenses easier to commit for himself compounded the situation.
 {¶ 39} So these are my reasons supporting my findings.
 {¶ 40} It is difficult to put into words findings and reasons to support a sentence in a case like this.
 {¶ 41} In reading State v. Wilson, there is language that I found particularly appropriate. The Court of Appeals in that case state, quote, the rapes are so offensive that language seems an inadequate tool to express the appropriate outrage.
 {¶ 42} These crimes were despicable. I find the same can be said in this case, Mr. Vlahopoulos, your crimes were despicable, and words do not express the appropriate outrage that should be expressed in this case by your actions.
 {¶ 43} As far as consecutive sentences go, I want to make the specific finding that the harm in these cases was so great and unusual that a single term does not adequately reflect the seriousness of the conduct, a ten-year sentence is simply inadequate. A twenty-year sentence for this kind of conduct is inadequate.
 {¶ 44} And I also make the specific finding that your criminal history shows that consecutive terms are needed to protect the public.
 {¶ 45} You have other young family members left you have yet to offend with, and I'm going to make sure that that is not going to happen by imposing consecutive sentences in this case.
{¶ 46} The record adequately shows that the trial court complied with the dictates of R.C. 2929.14(E)(4) when imposing consecutive sentences. First, the court was required to find that "consecutive service is necessary to protect the public from future crime or to punish the offender." (Emphasis added). Here, the trial court noted that defendant's prior sexual assault on his daughter required surgical treatment. (Tr. 13-14, 16). The trial court noted that the defendant continued to assault family members. The trial court found that recidivism was likely and that she wanted to protect his daughter and grandchildren. (Tr. 14). The trial court also specifically stated that "your criminal history shows that consecutive terms are needed to protect the public." (Tr. 17). This is sufficient to comply with the statute. SeeState v. Garrett, supra.
{¶ 47} Second, the court was required to find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." (Emphasis added). Here, the trial court stated that "the harm in these cases was so great and unusual that a single term does not adequately reflect the seriousness of the conduct, a ten-year sentence is simply inadequate." A twenty-year sentence for this kind of conduct is inadequate. (Tr. 17). The trial court also found that defendant was a danger to the public because of his prior history of sexual offenses against family members and that she wanted to protect his grandchildren. (Tr. 14). Although the court did not recite verbatim from the statute, it did specifically find that, based on defendant's history of criminal activity, a single term would be inadequate. (Tr. 17). Thus, the trial court complied with the second part of the statute of well.
{¶ 48} Finally, the court was required to find any one of the subsections of R.C. 2929.14(E)(4) to be present. Here, the trial court found that defendant had a criminal record including a prior sexual assault on his daughter. The court also stated, "I want to make the specific finding that the harm in these cases was so great and unusual that a single term does not adequately reflect the seriousness of the conduct." (Tr. 17). Thus, the trial court adequately complied with R.C.2929.14(E)(4)(C).
{¶ 49} Defendant's first assignment of error is overruled.
 II. {¶ 50} THE TRIAL COURT'S SENTENCE VIOLATES THE STATUTORY PROPORTIONALITY PRINCIPLE FOR SENTENCING.
{¶ 51} In his second assignment of error, defendant argues that the consecutive sentences imposed by the trial court violate fair sentencing guidelines and are disproportionate to similar offenses. We disagree.
{¶ 52} The facts of this case show that defendant, over an extended period of time, gave his sixteen — and twenty-year-old nieces cocaine and alcohol so that he could engage in vaginal and anal intercourse with them. Defendant threatened to harm them and their families if they told anyone. Defendant was a repeat sexual offender. He sexually violated his eleven-year-old daughter in 1990 and caused such extensive harm to her that two surgeries were required.
{¶ 53} R.C. 2929.14(E)(4) allows a trial court to impose consecutive prison terms for convictions of multiple offenses upon the making of certain findings enumerated in the statute.
{¶ 54} We find that the trial court complied with the dictates of R.C. 2929.14(E)(4) and was thus justified in imposing consecutive sentences. The trial court stated that it imposed these sentences because the defendant took advantage of the familial relationship to harm the victims; the victims suffered serious psychological harm; the defendant had a history of sexual violence against family members and he has not responded favorably to sanctions previously imposed; and he has no genuine remorse for his crimes. The trial court also found that "raping two nieces entrusted in your care is the worst form of the offense" and that defendant's crimes were "despicable" and "words do not express the appropriate outrage that should be expressed in this case by your actions."
{¶ 55} The record before us supports the trial court's decision to impose consecutive sentences in this case, and the sentences are not contrary to law.[1] For the foregoing reasons, we do not find by a clear and convincing standard that the trial court erred in imposing consecutive sentences.
{¶ 56} Defendant's second assignment of error is overruled.
 III. {¶ 57} THE TRIAL COURT'S SENTENCE IS CRUEL AND UNUSUAL AS APPLIED TO APPELLANT.
{¶ 58} In his third assignment of error, defendant argues that the consecutive sentences imposed by the trial court are cruel and unusual punishment. We disagree.
{¶ 59} The Eighth Amendment to the Constitution of the United States provides that cruel and unusual punishments shall not be inflicted. Section 9, Article I of the Ohio Constitution is couched in identical language. These provisions have been used to prohibit punishments that are disproportionate to the crimes committed. SeeMcDougle v. Maxwell (1964), 1 Ohio St.2d 68. However, "cases in which cruel and unusual punishments have been found are limited to those involving sanctions which under the circumstances would be considered shocking to any reasonable person." Id. at 70. The penalty must be so greatly disproportionate to the offense as to shock the sense of justice of the community." State v. Chaffin (1972), 30 Ohio St.2d 13
{¶ 60} Here, the imposition of consecutive sentences falls within the perimeters of R.C. 2929.14(E)(4). There is also no evidence to suggest that defendant's sentence would shock the conscience of the community. Thus, the punishment imposed cannot be deemed cruel and unusual.
{¶ 61} Defendant's third assignment of error is overruled.
 IV. {¶ 62} THE TRIAL COURT FAILED TO COMPLY WITH R.C. 2971.03.
{¶ 63} In his fourth assignment of error, defendant argues that the sentencing court failed to comply with the sentencing guidelines of R.C. 2971.03. We agree.
{¶ 64} R.C. 2971.03(A)(3) provides "If the offense is an offense other than aggravated murder, murder, or an offense for which a term of life imprisonment may be imposed, [the trial court] shall impose an indefinite prison term consisting of a minimum term fixed by the court from among the range of terms available as a definite term for the offense, but not less than two years, and a maximum term of life imprisonment."
{¶ 65} Here, defendant was found guilty of three counts of rape, each with a sexually violent predator classification and sentenced to nine years on each count. Thus, defendant's sentence did not provide for an indefinite prison term as required under R.C. 2971.03(A)(3). See Statev. Colgrove (April 18, 2002), Cuyahoga App. No. 79396; State v.Gillespie (April 24, 2000), Clermont App. Nos. CA99-09-090, CA99-09-091;State v. Stansell (April 20, 2000), Cuyahoga App. No. 75889.
{¶ 66} Defendant's fourth assignment of error is sustained.
Judgment affirmed in part and remanded for resentencing.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed in part, any bail pending appeal is terminated. Case remanded to the trial court for resentencing.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., and TERRENCE O'DONNELL, J., CONCUR.
[1] We decline to compare the defendant's sentence with similar Ohio crimes and with those of other jurisdictions. A comparative analysis within the State where the crime was committed and between jurisdictions is "appropriate only in the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." State v. Weitbrecht (1999), 86 Ohio St.3d 368,373. Here, we find that the imposition of consecutive sentences, although severe, are not grossly disproportionate to the underlying crimes.