JOURNAL ENTRY AND OPINION.
{¶ 1} This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} The appellant, Mario Lynch ("Lynch"), appeals from the sentence imposed by the Cuyahoga County Court of Common Pleas, Criminal Division, in which the lower court imposed the maximum sentence after finding Lynch guilty of domestic violence. For the following reasons, we find the appellant's appeal to be without merit.
 {¶ 3} The instant matter stems from an incident which occurred on September 14, 2002, resulting in a grand jury indictment on a charge of domestic violence, in violation of R.C. 2919.25, a felony of the fifth degree, with a specification for a previous conviction under the same statute in August 1998.
 {¶ 4} On November 13, 2002, Lynch withdrew his original plea of not guilty and entered a plea of guilty on the charge of domestic violence, which carried a penalty of imprisonment for six to twelve months and a fine of up to $2,500. The matter was set for sentencing on December 23, 2002.
 {¶ 5} According to the record presented, this incident is not the first time appellant has resorted to violence in his interpersonal relationships. Between 1991 and 2002, appellant was convicted on three other occasions of felonious assault and/or domestic violence related to physical altercations between him and a significant other, several of which resulted in serious injury to the victim. Further, appellant tested positive for cocaine at the time of his presentence investigation. After reviewing the case file, the presentence investigation report and the appropriate sentencing statutes of the Revised Code, the court handed down the maximum sentence of twelve months imprisonment with credit for time served.
 {¶ 6} It is from this sentence that Lynch now appeals, citing three assignments of error. Because of the similarities in the rationales concerning the appropriate findings needed for the imposition of a maximum sentence, all three assignments of error will be analyzed together.
 {¶ 7} "I. The trial court erred when it imposed a prison sentence without making the appropriate findings required by R.C. 2929.13."
 {¶ 8} "II. The trial court erred when it imposed more than the minimum term of imprisonment on appellant without making the necessary findings required by R.C. 2929.14(B)."
 {¶ 9} "III. The trial court erred when it sentenced appellant to the maximum sentence without making the appropriate findings."
 {¶ 10} Appellant argues the trial court did not follow statutory guidelines needed to administer a maximum sentence. Appellee contends the record provides the needed authority for the imposition of such sentence.
 {¶ 11} The standard of review relevant to this appeal is set forth by this court in State v. Harrison (Mar. 9, 2000), Cuyahoga App. No. 75828:
 {¶ 12} "R.C. 2929.14(C) allows the sentencing court to impose amaximum sentence upon an offender under certain circumstances. In Statev. Edmonson (1999), 86 Ohio St.3d 324, 329, 715 N.E.2d 131, the Ohio Supreme Court determined that in order to lawfully impose the maximum term for a single offense the record must reflect that the trial court did so based on the offender satisfying one of the listed criteria set forth in R.C. 2929.14(C). As pertinent to this appeal, R.C. 2929.14(C) permits the court to impose a maximum sentence `* * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, * * *.'
 {¶ 13} "R.C. 2929.19(B)(2)(d) sets forth the procedure required to be followed by a trial court in the imposition of a maximum sentence upon an offender for a single offense. As applicable here, the statute requires the trial court to `make a finding that gives its reasons for selecting the sentence imposed[.]' Edmonson, supra, 328." Id.
 {¶ 14} Further, an appellate court may not reverse a maximum sentence unless it finds, by clear and convincing evidence, that the sentence is unsupported by the record or is contrary to law. State v.Rich (Oct. 30, 2001), 2001 Ohio 2613, Pickaway App. Nos. 00CA46, 00CA47.
 {¶ 15} In the case at bar, the trial court stated on the record, "This appears to be your first prison sentence. Normally, I'm supposed to give the shortest prison sentence; however, I believe it would demean the seriousness of the offense and would not adequately protect the public. You know, there's been plenty of opportunity to learn from the past about not using violence against somebody. You, on a continual basis, have used violence or other means that are beyond the scope of reasonable actions, and I believe that a sentence of 12 months would be appropriate in this case." (Tr. 18-19). The trial court clearly found the appellant to be an offender who poses the greatest likelihood of committing future violent crimes. The court had the authority to select and impose the maximum sentence because it provided the reasons for such sentence selection and made the above finding. Hence, no clear and convincing evidence exists to persuade us that the record does not support the sentence.
 {¶ 16} For the foregoing reasons, the judgment of the trial court is upheld.
Judgment affirmed.
JAMES J. SWEENEY, J., and DIANE KARPINSKI, J., concur.