OPINION
{¶ 1} Defendant-appellant James W. Pletcher, Jr. [hereinafter appellant] appeals from his convictions and sentences in the Muskingum County Court of Common Pleas on two felony counts of operating a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On May 9, 2002, appellant was indicted on one count of driving while under the influence of alcohol [hereinafter DUI], in violation of R.C. 4511.19(A)(1), as a felony of the third degree.[1] Thereafter on July 18, 2002, appellant was indicted on another count of DUI, in violation of R.C.4511.19(A)(1), as a felony of the third degree.[2] The July 18, 2002, indictment also included the following misdemeanor counts: one count of driving with a suspended license, in violation of R.C. 4507.02(D)(2), one count of operating a motor vehicle without reasonable control, in violation of R.C.4511.202, one count of unauthorized use of a motor vehicle, in violation of R.C. 2913.03(A) and one count of possession of a controlled substance (Xanax), in violation of R.C. 2925.11(A)(1).
 {¶ 3} On August 21, 2002, appellant appeared in court and entered pleas of guilty to all counts contained in both indictments. A presentence investigation was ordered by the trial court. Thereafter, on September 23, 2002, appellant appeared for sentencing. The trial court sentenced appellant to the maximum prison term of five years on each of the two DUI counts. As to the misdemeanor counts, appellant was sentenced to terms of local incarceration.[3] The trial court ordered that all of the sentences be served concurrently to one another. Corresponding Judgment Entries were filed on September 27, 2003 (Case No. CR2002-0104) and October 2, 2002 (Case No. CR2002-0168).
 {¶ 4} Subsequently, on April 24, 2003, after appellant's time to appeal had expired, appellant filed a motion for a delayed appeal. This Court granted that motion on June 2, 2003,
 {¶ 5} Accordingly, it is from these felony DUI convictions and sentences that appellant appeals, raising the following assignment of error:[4]
 {¶ 6} "The maximum sentence imposed upon the Defendant-Appellant by the trial court was contrary to law and not supported by the record."
 {¶ 7} In his sole assignment of error, appellant argues that while the trial court made a finding that appellant had committed the worst form of the offense, the trial court failed to include its reasons for making such a finding. Appellant further asserts that the record does not support the finding that appellant committed the worst form of the offense. The State of Ohio did not file a brief in this case.
 {¶ 8} The imposition of a maximum sentence is governed by R.C. 2929.14(C), which states, in relevant part:
 {¶ 9} "(C) Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 {¶ 10} Revised Code 2929.19, the statute which governs the sentencing hearing, also requires the trial court to state its reasons to support the finding(s) used to justify the imposition of a maximum sentence. See State v. Edmonson (1999),86 Ohio St.3d 324, 715 N.E.2d 131. The finding(s) and reason(s) must be made at the sentencing hearing. State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473.
 {¶ 11} Accordingly, we look to the transcript of the sentencing hearing. The trial court stated the following on the record:
 {¶ 12} "The Court has reviewed the presentence investigation in this matter and also heard the testimony of the officer who prepared the report. The Court finds that the offense — highest offense in each of the cases is a felony of the third degree, which carries no presumption. But given the nature of the felony in this case, a sentence is mandatory as well as a fine is mandatory.
 {¶ 13} "You committed two more felony [DUI's] within three or four months of each other while you had one just in the year 2000. You've had prior burglary and prior trafficking in marijuana felonies, numerous misdemeanors.
 " * * * {¶ 14} "The Court also finds that you have committed the most heinous form of this offense in that you've committed it twice within a short period of time. Therefore, the Court finds that the maximum sentence would be appropriate in this case.
 {¶ 15} "And therefore, in regards to Case No. CR2002-0104, the Court finds that on the one offense, a felony of the third degree, that a five-year sentence would be appropriate.
 {¶ 16} "In regards to Case No. CR2002-0168, on the felony of the third degree, the Court also imposes a five-year maximum sentence in that case. Once again, making the same findings as I did in the first case."
 {¶ 17} We find that the trial court stated its reasons for imposing maximum sentences and that the trial court's finding that appellant committed the worst form of the offense is supported by the record. As the trial court stated, appellant committed multiple felony DUI's within 3 or 4 months of each other. The record reflects that despite previous alcohol treatment and the prior DUI's, appellant failed to refrain from driving while under the influence of alcohol.
 {¶ 18} In addition, R.C. 2929.14(C) authorizes the maximum prison term for an offender who poses the greatest likliehood of committing future crimes. Certainly, the appellant is in that category also.
 {¶ 19} Accordingly, appellant's sole assignment of error is overruled.
 {¶ 20} The judgment of the Muskingum County Court of Common Pleas is affirmed.
Gwin, P.J. and Farmer, J. concur
[1] Case No. CR2002-0104.
[2] Case No. CR2002-0168.
[3] The misdemeanor convictions and sentences are not at issue in this appeal.
[4] Appellant filed separate appeals from each of the trial court cases. Although the appeals were not consolidated, appellant addressed both appeals in one merit brief. This Court will address both appeals in this one opinion.