OPINION.
Defendant-appellant Reginald Brown appeals the one-year term of imprisonment imposed by the trial court following its acceptance of his plea of guilty to one count of breaking and entering, a fifth-degree felony, in violation of R.C. 2911.13. In his two assignments of error, Brown claims that the trial court did not make the findings required (1) to impose a sentence greater than the minimum, and (2) to impose the maximum term of imprisonment for his breaking-and-entering conviction.
Brown is not entitled to appeal, nor are we permitted to review, the imposition of a prison term, rather than a community-control sanction, for this fifth-degree felony. R.C. 2953.08(A)(2) provides that a defendant may not appeal a prison term imposed for a fourth- or fifth-degree felony or for a felony drug offense if the trial court has specified that it has found one or more of the factors in R.C.2929.13(B)(1)(a) through (i) to be applicable. Because the trial court identified that Brown had previously served a prison term, see R.C.2929.13(B)(1)(g), review of the sentence on this basis is precluded. SeeState v. Riley, 1st Dist. No. C-010221, 2001-Ohio-4029, appeal not allowed (2002), 94 Ohio St.3d 1507, 764 N.E.2d 1037; see, also, State v.Battiste, 8th Dist. No. 79852, 2002-Ohio-1079, at ¶ 44. The first assignment of error is overruled.
Brown next asserts that the trial court erred in imposing the maximum, one-year term of imprisonment, because it did not make any of the findings required to support that prison sentence. See R.C. 2929.14(C) and 2929.19(B)(2)(d). While the trial court identified one of the factors in R.C. 2929.13(B)(1), Brown may nonetheless appeal this aspect of his sentence as a matter of right because the felony-sentencing scheme specifically provides that right where, as here, the trial court has imposed the maximum prison term and the sentence has been imposed for only one offense. See R.C. 2953.08(A)(1)(a); but, see, State v. Edwards
(Dec. 17, 1999), 1st Dist. No. C-990177 (decided before the 2000 amendments to R.C. Chapter 2929).
To impose a maximum sentence upon one who is not a major drug offender or a repeat violent offender, a trial court must find that the felon either has committed the "worst forms of the offense" or poses the greatest likelihood of recidivism. See R.C. 2929.14(C); see, also, Statev. Lattimore, 1st Dist. No. C-010488, 2002-Ohio-723, at ¶ 26. A trial court sentencing an offender to a maximum prison term must make the required findings and specify on the record its reasons supporting those findings. See R.C. 2929.19(B)(2)(d).
Here, the trial court made no findings, either on the sentencing worksheet or in its sentencing colloquy. It stated only that Brown was a "career criminal" and had served a previous prison term. The state urges that these remarks "should suffice as a finding both that the crime was the worst form of the offense and that [Brown] pose[d] the greatest likelihood of committing future crimes." This court will not infer whether the trial court "implicitly [made] those findings and gave [its] reasons." The sentencing scheme "requires a trial court to `make afinding that gives its reasons for selecting the sentence imposed' if the sentence is for one offense and is the maximum term allowed for that offense, and requires a trial court to set forth its `reasons forimposing the maximum prison term.'" State v. Edmondson (1999),86 Ohio St.3d 324, 328, 715 N.E.2d 131 (emphasis in the original). The second assignment of error is sustained.
R.C. 2953.08(G) identifies the remedies available to a court of appeals when reviewing the imposition of a sentence where the trial court has failed to state its findings or reasons on the record. The reviewing court shall vacate the sentence and remand if the trial court (1) imposed imprisonment for a fourth- or fifth-degree felony without making one of the required nine findings in R.C. 2929.13(B)(1); (2) imposed only a community-control sanction for a first- or second-degree felony; or (3) imposed consecutive sentences of imprisonment. See R.C. 2953.08(G)(1). If the trial court has failed to state the findings or to give the reasons required by other sections of R.C. Chapter 2929, including, as here, the imposition of the maximum prison term pursuant to R.C. 2929.14(C) and 2929.19(B)(2)(d), the court of appeals may itself modify the sentence ormay vacate the sentence and remand to the trial court for resentencing. See R.C. 2953.08(G)(2).
Because the trial court did not make the required findings or give its reasons on the record, we "clearly and convincingly find" that the maximum sentence contrary to law. See R.C. 2953.08(G)(2)(b). This court has not had the opportunity to directly address Brown and to listen to and to observe his demeanor and the demeanor of the other witnesses and the victim. Therefore, we vacate the sentence imposed, remand this cause to the trial court, and order the trial court to resentence Brown in accordance with the law and this Opinion.
Sentence vacated and cause remanded.
Doan, P.J., and Sundermann, J., concur.