OPINION
{¶ 1} The defendant/appellant, Ryan Rose, appeals a judgment of the Logan County Court of Common Pleas, sentencing him to a prison term of six years upon his conviction for Aggravated Burglary.
 {¶ 2} On August 21, 2001, the appellant pled guilty to one count of Aggravated Burglary, a violation of R.C. 2911.11(A)(1) and a felony in the first degree. After a pre-sentence investigation and a court-ordered polygraph test, the appellant appeared for sentencing on October 1, 2001. The trial court imposed a prison term of six years. On appeal, we found that the trial court failed to either impose the minimum sentence, as required by R.C. 2929.14(B), or to make the required findings on the record. Accordingly, we reversed that judgment and remanded the case for re-sentencing. On April 1, 2001, the trial court again sentenced the appellant to a six-year prison term. It is from that judgment that the appellant brings the instant timely appeal, asserting four assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I {¶ 3} "The trial court abused its discretion when it did not consider the mandatory factors of R.C. 2929.12(C) as indicating that the offender's conduct was less serious than conduct normally constituting the offense."
 {¶ 4} An appellate court may vacate a sentence and remand the matter to the trial court for resentencing if it clearly and convincingly finds either that the record does not support the sentence imposed or that the sentence is otherwise contrary to law.[1]
 {¶ 5} The appellant was convicted of Aggravated Burglary, a violation of R.C. 2911.11(A)(1), which, being a first degree felony, carries an indefinite penalty of between three and ten years in prison. Although the appellant's six year sentence clearly falls within the mandated range and is neither the shortest nor the longest term available, he points out that because he has served no prior prison term, he was entitled to receive the shortest sentence available, unless the court made the appropriate statutory findings on the record.
 {¶ 6} R.C. 2929.14(B), which applies to sentencing offenders who have served no prior prison sentence, states: "[I]f the offender previously has not served a prison term, the court shall impose the shortest prison term * * * unless the court finds on the record that the shortest prison term would demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 7} In State v. Edmonson[2] the Supreme Court of Ohio addressed a trial court's obligations when imposing a sentence greater than the minimum sentence pursuant to R.C. 2929.14(B). The Court inEdmonson stated, in pertinent part, as follows: "[U]nless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence."[3]
 {¶ 8} Furthermore, this Court has repeatedly held that it is the trial court's findings under R.C. 2929.14 which, in effect, determine a particular sentence and that a sentence unsupported by such findings is both incomplete and invalid.[4] A trial court must strictly comply with the relevant sentencing statutes by making such findings on the record at the sentencing hearing.[5] Moreover, a mere recitation by the trial court that it has considered the matters required by the sentencing statutes will not suffice.[6]
 {¶ 9} In the instant case, the trial court stated on the record both that the shortest prison term would demean the seriousness of the offender's conduct and that it would not adequately protect the public from future crime by the offender and others. In support of these findings, the trial court discussed on the record that the defendant's version of events continued to vary from that of the victims', that the defendant was a juvenile offender, that the defendant was involved with drugs, and that the crime was drug-related. The trial court also discussed the fact that a gun was used in the offense. Accordingly, the court did discuss facts in support of its findings, although it never specifically stated that these facts were being cited in support of R.C.2929.14(B).
 {¶ 10} The appellant contends that the trial court further abused its discretion by failing to consider all the factors set forth in R.C.2929.12, which mandates that, in exercising its discretion to impose a sentence for a felony, "the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing."
 {¶ 11} The record herein demonstrates that in its judgment entry filed April 16, 2002, the trial court stated that it had considered the purposes of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12. With respect to the seriousness and recidivism factors, the Supreme Court of Ohio stated that "[t]he Code does not specify that the sentencing judge must use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors."[7] Thus, while R.C. 2929.12 requires a trial court to consider the factors it sets forth, it does not mandate that the trial court state on the record that it considered the factors.[8] Nor does it mandate an explicit recitation of the court's application of the facts to those factors.[9] Upon reviewing the sentencing transcript, we find that the court set out sufficient facts, including those mentioned above, to indicate that it met the requirements of R.C. 2929.12. Accordingly, the appellant's first assignment of error is denied.
 ASSIGNMENT OF ERROR NO. II {¶ 12} "The trial court abused its discretion when it used as a factor in sentencing that a gun was used in the commission of the crime."
 {¶ 13} The appellant argues that it was error for the trial court to consider the fact that a gun was used during the crime for which the appellant was convicted because, by all accounts, the appellant's unidentified accomplice was the party carrying the gun. Furthermore, the appellant contends that because his charge carried with it no gun specification, it was an abuse of discretion to consider the gun for sentencing purposes. We disagree.
 {¶ 14} To begin with, we note that appellant has pointed to no authority to support his contention that a gun specification must be an element of the charge in order for the use of a gun to be considered for sentencing purposes. R.C. 2929.12 puts forth a nonexhaustive list of factors for the trial court to consider in determining an appropriate sentence. It clearly states that the sentencing court may consider any other factors that are relevant to achieving the purposes and principles of sentencing. With reference to the gun, the court stated: "The Court believes it is necessary to say in this community you don't invade somebody's home with a gun and rob them and then say it's not very serious." It is apparent from this statement that the trial court felt that the gun was relevant both to the consideration regarding the sentence necessary to protect the public from future crime and with regards to the seriousness of the offense.
 {¶ 15} We consider the appellant's argument that he was not the party wielding the gun to be disingenuous. The appellant pled guilty to the charge of Aggravated Burglary and, in the course of this plea, admitted to the court that his accomplice had a gun and that he participated with the accomplice in the burglary. Furthermore, each of the victims who made statements agreed that, although the appellant was not carrying the gun, he participated in the robbery by issuing threats and demands for money. Based on these facts, we find that the trial court was within its discretion to consider the gun as a factor in sentencing. Accordingly, the appellant's second assignment of error is denied.
 ASSIGNMENT OF ERROR NO. III {¶ 16} "The trial court abused its discretion when it considered psychological harm to the victims as a factor in sentencing."
 {¶ 17} We find this assignment of error to be without merit because there is no evidence in the sentencing transcript that the trial court found psychological harm to the victims as a factor in sentencing. Rather, the court merely questioned the defense counsel's assertion that "[n]o victim suffered physical or serious physical harm, psychological harm or economic harm." In response to this assertion, the court questioned: "You don't think threatening someone with a gun causes psychological harm?" However, in the portion of the transcript where the court discusses factors for sentencing, it makes no mention of psychological harm to the victims. Thus, we cannot find that the court necessarily found that the victims of the appellant's crime suffered psychological harm. The appellant's third assignment of error is denied.
 ASSIGNMENT OF ERROR NO IV {¶ 18} The trial court abused its discretion when it considered an unsubstantiated statement in the PSI as a factor in sentencing."
 {¶ 19} The appellant contends that it is an abuse of discretion for the trial court "[t]o use an unverified triple hearsay statement as a factor in sentencing[.]" We disagree.
 {¶ 20} We note again that the appellant fails to cite authority in support of his contention. However, it is well-settled that the Rules of Evidence do not strictly apply to sentencing proceedings.[10]
Accordingly, the appellant's final assignment of error is without merit and is hereby denied.
 {¶ 21} Having found no error prejudicial to the appellant, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW, P.J., and BRYANT, J., concur.
[1] R.C. 2953.08(G)(1).
[2] (1999), 86 Ohio St.3d 324.
[3] Id. at 326.
[4] See, e.g., State v. Bonanno (June 24, 1999), Allen App. No. 1-98-59 and 1-98-60, unreported.
[5] Id.
[6] State v. Martin (June 23, 1999), Crawford App. No. 3-98-31, unreported.
[7] State v. Arnett (2000), 88 Ohio St.3d 208, 215.
[8] State v. Orlando (Nov. 18, 1998), Lawerence App. No. 97CA57.
[9] State v. O'Neal (Sept. 29, 1999), Summit App. No. 19255.
[10] State v. Williams (1986), 23 Ohio St.3d 16, 23; Evid.R. 101(C)(3).