{¶ 59} Although I concur with the majority opinion that appellant's first two assignments of error lack merit and therefore his conviction should be affirmed, I disagree with the majority opinion's analysis of appellant's challenge to his sentence. I do not consider that the trial court's comments during the sentencing hearing were adequate to comply with statutory requirements regarding either maximum or consecutive terms. Therefore, I dissent with the majority disposition of appellant's third and fourth assignments of error.
 {¶ 60} First, the trial court mentioned only that appellant had committed "the most serious" offenses and then commented only that appellant posed a "high likely probability" of committing future crimes. The trial court thus did not comply with even the simplest directives of R.C. 2929.14(C): it failed to state that appellant had committed either the "worst" form of each offense or posed the "greatest likelihood" of committing crimes in the future. State v. Edmonson, 86 Ohio St.3d 324,326-327, 1999-Ohio-110.
 {¶ 61} Moreover, the trial court in pronouncing the maximum sentences failed to provide its "reasons" as required by R.C.2929.19(B)(2)(e).
 {¶ 62} I further disagree that the trial court's instruction after it already had pronounced sentence that appellant "go back . . . and talk to [his] lawyer" constitutes adequate compliance with R.C. 2929.14(E)(4). The trial court discussed neither proportionality nor the extent of the harm caused by appellant in committing the offenses in question.
 {¶ 63} Accordingly, I would sustain appellant's third and fourth assignments of error. I would reverse appellant's sentence and remand this case to the trial court for a resentencing hearing in order for the trial court properly to justify the imposition of maximum and consecutive terms.