JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Matthew Budenz, appeals from the judgment of the Cuyahoga County Court of Common Pleas, rendered after a guilty plea, finding him guilty of aggravated vehicular assault and driving under the influence of alcohol, and sentencing him to twelve months incarceration. For the reasons that follow, we modify appellant's sentence.
 {¶ 2} The record reflects that on June 23, 2001, after an evening of drinking with coworkers and friends, appellant drove his vehicle in the wrong direction on Interstate 77 and then on the East 55th Street ramp to I-490 West, where he sideswiped another vehicle. Appellant left the scene of the accident in his car but was apprehended by police shortly thereafter. He refused to take a breathalyzer test.
 {¶ 3} Although the victims, brothers Dewayne and Calvin Cooper, refused transport to the hospital via EMS, they were both treated at the Cleveland Clinic shortly after the accident. Dewayne Cooper suffered back, neck, ankle and shoulder injuries as a result of the accident, for which he was treated with one month of physical therapy. Calvin Cooper, who was off work for eight weeks as a result of his injuries, sustained head, back, neck, knee, wrist and thumb injuries which necessitated eight weeks of out-patient physical therapy. In addition, as a result of the accident, he became fearful of driving on the expressway. Dewayne Cooper's car was totaled in the accident.
 {¶ 4} On July 19, 2001, the Cuyahoga County Grand Jury indicted appellant on two counts of aggravated vehicular assault in violation of R.C. 2903.08, without specification, a felony of the fourth degree, and one count of driving under the influence of alcohol in violation of R.C.4511.19, a first degree misdemeanor.Appellant, a first-time offender with no history of alcohol or substance abuse, subsequently pled guilty to the charges and on December 4, 2001, the trial court held a sentencing hearing.
 {¶ 5} At the hearing, appellant apologized to the victims, stating that he was "truly sorry." Appellant stated further that he no longer drank alcohol and would "make sure it never happens again." The trial judge stated, "we don't know how drunk you were, because you refused the test, but we know you were drunk enough to drive the wrong way on Interstate 77 at 1:00 in the morning. We know that you caused physical injury to Mr. Cooper. We know that he lost eight weeks of work and now needs psychiatric care for his fear of driving, but I guess he's from the generation that he thinks that's not good to do."
 {¶ 6} Noting that appellant did not stop at the scene of the accident, the trial judge stated, "according to Senate Bill 2, you no longer have the presumption for community control because actual physical harm has been caused to the victim in this case. * * * You didn't even bother to check if a member of our community needed assistance because of your actions. That's deplorable. This court finds that community control sanctions would seriously demean the seriousness of this offense and all of your actions thereafter."
 {¶ 7} The trial court then sentenced appellant to twelve months incarceration on each of the aggravated vehicular assault charges and six months incarceration for driving under the influence of alcohol, the sentences to be served concurrently.
 {¶ 8} Appellant timely appealed, raising two assignments of error for our review.
 I. {¶ 9} In his first assignment of error, appellant contends that the trial court erred in sentencing him to prison rather than community control sanctions.
 {¶ 10} In general, the sentencing judge must adhere to the overriding purposes of felony sentencing described in R.C. 2929.11. This section provides that a sentence shall punish the offender and protect the public from future offenses by the offender and others. R.C.2929.11(A).
 {¶ 11} R.C. 2929.13(B) begins with a presumption that fourth degree felony offenders should be imprisoned only if they satisfy certain factors. The judge must first find that the offender satisfies one of the factors listed in R.C. 2929.13(B)(1)(a) through (h). In this case, the judge found that appellant satisfied R.C. 2929.13(B)(1)(a): his offense had caused physical harm to the victims.
 {¶ 12} Having satisfied the requirements of R.C. 2929.13(B)(1), the judge was then required to satisfy the provisions of R.C.2929.13(B)(2)(a) before sentencing appellant to prison. R.C.2929.13(B)(2)(a) states:
 {¶ 13} "If the court makes a finding described in division (B)(1) * * * of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender."
 {¶ 14} Appellant contends that the judge did not consider the seriousness and recidivism factors set forth in R.C. 2929.12 before sentencing him to prison. In State v. Arnett, 88 Ohio St.3d 208,2000-Ohio-302, the Supreme Court of Ohio specifically held that the sentencing judge is not required to use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable factors. "In substance, the Supreme Court has made it clear that as long as the record demonstrates the factors were considered, the sentence is not infirm." State v. Duktig, Cuyahoga App. No. 79517, 2002-Ohio-3770.
 {¶ 15} Here, the trial court found that Calvin Cooper had suffered serious physical and psychological harm. She also noted that appellant's conduct in leaving the scene of the accident was "deplorable." Accordingly, although the record is sparse, we find that the trial judge adequately considered the factors set forth in R.C. 2929.12, as required by R.C. 2929.13(B)(2)(a), before sentencing appellant to prison.
 {¶ 16} Appellant's first assignment of error is therefore overruled.
 II. {¶ 17} In his second assignment of error, appellant contends that because he had not previously served a prison term, the trial court erred in sentencing him to more than the minimum term of incarceration without engaging in the analysis required by R.C. 2929.14(B) for imposing more than the minimum sentence upon an offender who has not previously served a prison term.
 {¶ 18} Appellant was convicted of aggravated vehicular assault, a fourth degree felony punishable by a prison term of six to eighteen months, and driving under the influence of alcohol, a first degree misdemeanor punishable by three days to six months incarceration.
 {¶ 19} Pursuant to R.C. 2929.14(B), if a defendant has not previously served a prison term, the trial court must impose the minimum sentence unless it specifies on the record that the shortest prison term will demean the seriousness of the conduct or will not adequately protect the public from future crime by the offender. R.C. 2929.14(B) states:
 {¶ 20} "If the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shallimpose the shortest prison term authorized for the offense * * * unlessthe court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." (Emphasis added).
 {¶ 21} The purpose of recorded findings is to "confirm that the court's decision-making process included all of the statutorily required sentencing considerations." State v. Edmonson, 86 Ohio St.3d 324, 327,1999-Ohio-110. The record must show that a judge "first considered imposing the minimum * * * sentence and then decided to depart from the statutorily mandated minimum based on one or both of the permitted reasons." Edmonson, 86 Ohio St.3d at 328.
 {¶ 22} Here, there is no indication in the record that the judge was aware of the presumption afforded appellant in R.C. 2929.14(B) or any indication that she began her analysis from that presumption and then departed from it only after finding that the offenses were so serious or the risk of future harm so great that the presumption was rebutted. The record clearly reflects that the trial court never acknowledged the presumption nor did it, at any time, "note that it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons." Id. at 326.
 {¶ 23} We reject the State's contention that "the trial court's language stating that a lesser sentence would `seriously demean the seriousness of the offense' shows that the court was considering the proportionality of the sentence to the offender's conduct." The trial judge actually stated that "community control sanctions would seriously demean the seriousness of the offense" without any reference to why she was imposing more than the minimum term of incarceration.
 {¶ 24} A court of appeals hearing an appeal regarding sentencing "may increase, reduce, or otherwise modify a sentence" if the court clearly and convincingly finds that the sentence is contrary to law. R.C. 2953.08(G)(2)(b).[1] Here, we find no evidence in the record to support more than the minimum sentence. Appellant was a first-time offender with no history of substance or alcohol abuse, had substantial gainful employment and expressed genuine remorse for his actions. Moreover, the presentence report considered by the court revealed thatnone of the "recidivism likely" factors set forth in R.C. 2929.12 applied to appellant, whereas three of the "recidivism unlikely" factors identified in the statute were applicable. Thus, there was no evidence that the minimum sentence would demean the seriousness of appellant's crime nor adequately protect the public from future crime by appellant. Because there was no evidence in the record to support more than a minimum sentence, we find that appellant's sentence was clearly contrary to law. Accordingly, pursuant to the authority granted us by R.C.2953.08(G)(2)(b), we modify appellant's sentence to six months incarceration, the minimum term of incarceration authorized for the offense of aggravated vehicular assault. Moreover, because appellant has already served more than six months incarceration, we order him discharged.
 {¶ 25} Appellant's second assignment of error is sustained. Sentence modified; defendant discharged.
It is therefore ordered that appellant recover from appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J., CONCURS; and COLLEEN CONWAY COONEY, J.,DISSENTS WITH DISSENTING OPINION.
[1] R.C. 2953.08(G)(1) provides that when a sentencing court fails to make the findings required by R.C. 2929.13(B), 2929.13(D), 2929.14(E)(4) and 2929.20(H), a reviewing court must remand the cause to the sentencing court with instructions to state on the record the required findings. This case involves findings required pursuant to R.C. 2929.14(B), however, which is not one of the statutory sections specified in R.C.2953.08(G)(1). Accordingly, we have the power to modify appellant's sentence.