OPINION
[¶ 1] This timely appeal arises from appellant's guilty plea and subsequent sentencing in the Mahoning County Court of Common Pleas. Appellant, Steve Mango, argues that the sentencing entry is not sufficient to support the imposition of the maximum sentence, consecutive sentences, or a deviation from the prosecutor's recommended sentence. Appellant's arguments are not persuasive and the assigned errors are hereby overruled.
[¶ 2] On May 9, 2001, appellant pleaded guilty to one count of failure to comply with an order of a police officer in violation of R.C.2921.331(B), a first degree felony; one count of involuntary manslaughter in violation of R.C. 2903.04(A), a first degree felony; one count of robbery in violation of R.C. 2911.02(A), a second degree felony; and two counts of theft in violation of R.C. 2913.02(A), first degree misdemeanors. (5/9/01 Tr. pp. 4-10; 5/11/01 J.E.) The charges arose from events which occurred on February 16, 2001. Appellant stole cash from three different locations in Boardman, Ohio, and fled in his vehicle. After a police chase, appellant's vehicle eventually collided with, among others, a vehicle occupied by Phillip Swanter, injuring Swanter in the crash. Swanter later died as a result of the injuries suffered in the crash.
[¶ 3] On August 21, 2001, appellant was sentenced. Pursuant to his Crim.R. 11 plea agreement, the prosecutor recommended a total sentence of eight years. Instead of following that recommendation, the court sentenced appellant to three years in prison for failure to comply, ten years for involuntary manslaughter (to run consecutively), five years for robbery (to run concurrently), and six months on each of the two theft counts (to run concurrently). The sentence totaled thirteen years of imprisonment. The sentence for involuntary manslaughter was the maximum for that crime.
[¶ 4] The court filed its sentencing judgment entry on September 17, 2001. Appellant filed his timely notice of appeal the same day.
[¶ 5] Appellant's first assignment of error asserts:
 [¶ 6] "The Maximum Sentence Imposed Against The Defendant is Erroneous Since the Record Does Not Support the Court's Finding That the Defendant's Involuntary Manslaughter Offense Constitutes `The Worst Form Of the Offense' under R.C. 2929.14."
 [¶ 7] Appellant argues that the record does not support the trial court's conclusion that the type of involuntary manslaughter which occurred in this case was the worst form of the offense. Appellant asserts that R.C. 2929.14(C) requires that a maximum sentence be supported by evidence that the crime was the worst form of the offense. As pointed out by appellee, R.C. 2929.14(C) also permits a maximum sentence to be imposed upon offenders who are likely to commit future crimes:
 [¶ 8] "(C) Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section." (Emphasis added.)
 [¶ 9] The Ohio Supreme Court, in State v. Edmonson (1999),86 Ohio St.3d 324, 329, 715 N.E.2d 131, interpreted R.C. 2929.14(C) to require that the record contain a finding that the defendant falls within at least one of the four categories mentioned in the statute. The record contains a finding that appellant falls within two of the categories. Therefore, the trial court has complied with the statute. Appellee points out that appellant does not challenge the trial court's conclusion that he posed the greatest likelihood of committing future crimes. Therefore, there is no need for any further analysis about the propriety of the trial court's imposition of the maximum sentence and this portion of the sentence must be affirmed.
[¶ 10] Appellant's second assignment of error asserts:
 [¶ 11] "The Lower Court Erred When it Sentenced the Defendant to Consecutive Terms of Imprisonment Where the Court Failed to Demonstrate From the Facts A Statutory Basis for Such a Sentence and As Such, The Sentence Is Contrary to Law."
 [¶ 12] In imposing consecutive terms, the trial court must typically make findings pursuant to R.C. 2929.14(E)(4) and give its reasons for those findings pursuant to R.C. 2929.19(B)(2)(c). R.C.2929.14(E)(4) states:
 [¶ 13] "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 [¶ 14] "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 [¶ 15] "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 [¶ 16] "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 [¶ 17] Thus, according to the statute, the trial court must typically make three findings to support a consecutive sentence: (1) the consecutive sentences are necessary for either of the two reasons stated, i.e., to protect the public from future crime or to punish the offender; (2) the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one of the three factors listed in R.C.2929.14(E)(4)(a) through (c) supports the sentence. The trial court found that: (1) consecutive sentences were necessary to protect the public from future crime; and (2) appellant satisfied all three reasons listed under R.C. 2929.14(E)(4)(a)-(c). The trial court did not make a finding, either at the sentencing hearing or in its judgment entry, that the consecutive sentence was not disproportionate to the seriousness of the offender's conduct. Normally, a situation such as this would result in a remand for resentencing.
[¶ 18] Because of the nature of the charges against Appellant, there are other statutory provisions, which bear on his sentence. Appellant was convicted, in part, of violating R.C. 2921.331(B), failure to comply with the order of an officer. This statute is mentioned in R.C. 2929.14(E)(3), which states: "(3) If a prison term is imposed for a violation of division (B) of section 2911.01 of the Revised Code or if a prison term is imposed for a felony violation of division (B) of section2921.331 of the Revised Code, the offender shall serve that prison termconsecutively to any other prison term or mandatory prison termpreviously or subsequently imposed upon the offender." (Emphasis added.)
[¶ 19] Section (E)(3), as it now reads, was amended effective October 29, 1999, by H.B. 29, and applies to this case. Under the current version of R.C. 2929.14(E)(3), it appears that the trial court has no discretion in the decision to impose a consecutive sentence for a violation of R.C. 2921.331(B). Therefore, the trial court need not make findings to support the imposition of a consecutive sentence in connection with a conviction for failure to comply with the order of an officer. The only consecutive sentence imposed involved the sentence for R.C. 2921.331(B) and the sentence for involuntary manslaughter. The trial court had no choice in imposing this sentence consecutively. The trial court also noted at the sentencing hearing that it was imposing sentence pursuant to R.C. 2929.14(E)(3), in part. Presumably the trial court was aware of this mandatory consecutive sentence. Therefore, regardless of the trial court's failure to make all the findings normally required by R.C. 2929.14(E)(4), the trial court did not err in imposing consecutive sentences in this case.
[¶ 20] Although no cases have specifically dealt with this issue, one prior case does recognize that R.C. 2929.14(E)(3), as it now reads, imposes a mandatory consecutive sentence for violations of R.C.2921.331(B). State v. Norris (Nov. 14, 2001), 9th Dist. No. 20515. We agree with the interpretation of the Ninth District Court of Appeals that R.C. 2929.14(E)(3) imposes a mandatory consecutive prison sentence.
[¶ 21] In conclusion, appellant's two assignments of error are overruled and the judgment of the trial court is affirmed in full.
Judgment affirmed.
Donofrio, J., and Vukovich, P.J., concur.