OPINION
{¶ 1} Defendant-appellant, Carolyn Little, appeals her sentence for aggravated vehicular homicide imposed by the Butler County Court of Common Pleas. We affirm the trial court's decision.
 {¶ 2} On May 17, 2001, appellant was driving on Yankee Road, in Middletown, Ohio. She experienced a blackout and veered off the road striking a pedestrian, Charles Soule. Appellant returned the car to the paved road and continued driving. Moments later she again veered off the road, this time continuing down an embankment. The auto finally came to a rest in a creek. Emergency personnel responded and transported appellant and Soule to a hospital.
 {¶ 3} Middletown Police Detective Jerry Mossman spoke with appellant at the hospital. She had no recollection of the accident. Appellant consented to the officer's request that blood and urine samples be taken and tested. Test results revealed that appellant was under the influence of marijuana and the prescription medications Soma, Valium, and Percocet, at the time of the accident.
 {¶ 4} Soule died seventeen days later as a result of the injuries he suffered. Appellant was charged with multiple counts and later pled guilty to aggravated vehicular homicide, a third degree felony in violation of R.C. 2903.06(A)(2). The trial court sentenced her to a four-year prison term. She appeals, arguing that the trial court erred by not imposing community control in lieu of imprisonment and by imposing a greater than minimum prison sentence.
 {¶ 5} An appellate court may not disturb an imposed sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G)(1). Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. The applicable record to be examined by a reviewing court includes the following: (1) the presentence investigative report, (2) the trial court record in the case in which the sentence was imposed, and (3) any oral or written statements made to or by the court at the sentencing hearing at which the sentenced was imposed. R.C.2953.08(F)(1) through (3). The sentence imposed upon the offender should be consistent with the overriding purposes of felony sentencing: "to protect the public from future crime by the offender" and "to punish the offender." R.C. 2929.11(A).
 {¶ 6} Appellant was convicted of aggravated vehicular homicide in violation of R.C. 2903.06(A)(2), a felony of the third degree. R.C.2929.14(A) provides that the sentencing range for a third-degree felony is one, two, three, four or five years' imprisonment. The sentencing guidelines in R.C. 2929.12(C), however, do not provide a presumption in favor of either a prison sentence or community control for third-degree felonies. Rather, when deciding whether to impose a prison sentence for a third-degree felony, the court is directed by R.C. 2929.13(C) to comply with the purposes and principles of sentencing under R.C. 2929.11 and to consider the seriousness and recidivism factors defined in R.C. 2929.12.
 {¶ 7} R.C. 2929.11(A) states that "[t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender." To achieve these purposes, R.C. 2929.11(A) further directs that "the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public or both." In addition to the overriding purposes of felony sentencing stated, R.C.2929.11(B) provides that a sentence imposed for a felony shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim[.]"
 {¶ 8} In accordance with these provisions, the trial court did find in its judgment entry sentencing appellant that it had considered the principles and purposes of sentencing in sentencing her to a four-year term of incarceration. In reviewing the factors that made the offense more serious, the trial court noted that a death resulted from appellant's actions. The trial court did not find any factors under R.C.2929.12(C) that would make the offense less serious. Upon review of the record, we find that the trial court appropriately balanced the statutory factors in deciding whether to impose community control or a prison term for appellant's third-degree felony conviction.
 {¶ 9} Because appellant had never before served a prison term, and because the trial court chose to impose a term in excess of the minimum term possible for a third-degree felony, the trial court was required to comply with R.C. 2929.14(B), which states in relevant part: "if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." When a court imposes a prison term greater than the minimum, it does not need to specify its underlying reasons on the record. State v.Edmonson (1999), 86 Ohio St.3d 324, syllabus. Rather, it is sufficient that the record reflects that the court engaged in the statutory analysis and found either or both of the R.C. 2929.14(B) exceptions warranted a sentence greater than the minimum.
 {¶ 10} Pursuant to this section, the court expressly found in the judgment entry of sentence that the shortest prison term would demean the seriousness of appellant's conduct and would not adequately protect the public from future crime by appellant. Although not required to do so, the trial court provided its underlying reasons at the sentencing hearing. The trial court first acknowledged that appellant had no prior felony convictions and only a minimal criminal record. Nevertheless, the court found that appellant's actions were irrational and irresponsible as she was under the influence of several prescription medications and marijuana at the time of the accident. The trial court also found that appellant failed to take responsibility for the crime and continued to be less than candid with the court regarding her drug use.
 {¶ 11} Upon review of the record, we find that the trial court complied with the applicable sentencing statutes. Because the sentence is supported by clear and convincing evidence, and not contrary to law, we overrule the sole assignment of error.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.