[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
Defendant-appellant Eric T. King was indicted on two counts of rape and one count of aggravated burglary. King, a forty-year-old maintenance man for an apartment building, had gained entry to an apartment with a master key and had engaged in sexual conduct, including sexual intercourse, with a sixteen-year-old girl against her will.
In a plea bargain, King entered guilty pleas to two counts of sexual battery instead of rape. In exchange for his pleas, the state dismissed the charge of aggravated burglary. The trial court sentenced King to five years' incarceration for each of the sexual-battery offenses and ordered the sentences to run concurrently. King now appeals.
In a single assignment of error, King complains that the trial court erred by imposing a sentence that was not supported by the findings in the record. Specifically, he asserts that the record failed to support the court's finding that his offenses were the worst form of sexual battery.
Pursuant to R.C. 2929.14(C), a trial court may impose the maximum sentence upon certain offenders, including those who have committed the worst forms of the offense. R.C. 2929.19 requires the trial court to orally make findings that give its reasons for selecting the maximum term at the sentencing hearing.[1]
Here the trial court stated at the sentencing hearing that it had reviewed the presentence-investigation report, the victim-impact statements, and a number of letters written on behalf of King. At the hearing, the victim told the court that King had hurt her and that she no longer felt comfortable around older men. The victim's mother told the court that the victim could no longer sleep or eat, and that she was depressed. The mother indicated that she, too, could no longer sleep, and that she was afraid to leave her children alone.
The trial court found that King had committed the worst form of sexual battery and verbally gave its reasons to support that finding. The court found that King had used his position as the maintenance man at the victim's apartment building, a position of trust, to gain entrance into the victim's apartment and to facilitate the offenses. King was forty years old, and the victim was sixteen years old. The court stated that the victim's age and mental condition had exacerbated her "mental injury."
The court found that King had inflicted not only physical harm upon the young victim by using various forms of sexual penetration, but also serious psychological harm upon her. The court further noted that the victim continued to suffer mental anguish, including nightmares, and that her family's life had been seriously disrupted by the offenses.
The court also noted that King had prior convictions for, among other things, drug trafficking. The court further mentioned that King was seriously delinquent in his child-support obligations.
Our review of the record indicates that the trial court made the statutorily required finding pursuant to R.C. 2929.14(C) and verbalized in detail its reasons supporting the finding during the sentencing hearing.[2] Furthermore, we conclude that the record supports a finding that King committed the worst form of sexual battery, and that, therefore, the trial court did not err when it imposed the maximum sentence for each offense. Therefore, we overrule the single assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Winkler, JJ.
[1] R.C. 2929.19(B)(2)(e); State v. Burgin, 1st Dist. No. C-020755, 2003-Ohio-4963, citing State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, 793 N.E.2d 473.
[2] See State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165,793 N.E.2d 473; State v. Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110,715 N.E.2d 131; State v. Nyel, 1st Dist. No. C-020640, 2003-Ohio-4961.